23084. PATELLIS, administrator, v. KING.

DECIDED NOVEMBER 16, 1935.

*J. Wightman Bowden, Leonard S. Pennisi,* for plaintiff.

*John M. Slaton,* for defendant.

JENKINS, P. J. The petition of an administrator, suing in behalf of a dependent brother of the decedent, for an alleged tortious homicide, under the provisions now embodied in the Code of 1933, § 105-1309, was filed on November 3, 1932, on account of an injury alleged to have occurred on January 17, 1930, more than two years prior to the filing of the petition. The petition alleged that the estate was not represented until the plaintiff was appointed administrator on January 6, 1932. The plaintiff's contentions were that the action was one for an injury to a property right, with a limitation of four years; and further that if the action were to be construed as for an injury to the person, with a limitation of only two years, the action was not barred, for the reason that under the provisions of the Code, § 3-803, the statute had been tolled during the period subsequent to the accident up to the time of the appointment and qualification of the administrator. The court sustained a demurrer to the petition on the ground that it showed that "the suit was barred by the statute of limitations;" holding that the cause of action accrued at the death of the decedent, and that the statute ran against the administrator from the date of the death, with the result that the action was barred by the lapse of more than two years between that date and the date of the filing of the petition. When this case was first before this court (48 *Ga. App.* 389, 172 S. E. 921), only the first contention was dealt with. It was in effect held, that, just as the provisions of Code, §§ 105-1302-105-1308 *created and established* a new *per-*

*sonal* cause of action in favor of a widow, husband, mother, father, or child, which had not previously existed, based upon a substitution of the party suing in the place of the deceased, with the right to recover the full value of the life of the deceased, independent of what the value of the deceased might have been to the party, so the act of 1924 (Code, § 105-1309), amending and supplementing the previous law, *created and established* a new *property* cause of action in favor of the next of kin of the deceased, which had not previously existed, not based in this instance, however, on a substitution of the administrator suing in the place of the deceased for the full value of the life, but on a right of recovery limited to the actual loss sustained by the next of kin, according to the contribution received at the time of the homicide. The effect of that holding was that such a suit by the administrator for the benefit of the next of kin constituted a claim based on a property right, as distinguished from a claim by a widow, based on a personal right, in which she is permitted to be substituted for the decedent. This previous ruling, recognizing a four-year period of limitation, being controlling, it was held unnecessary to decide whether or not, if a two-year period of limitation had been established, the provisions of the Code, § 3-803, would authorize a deduction of the several months period between the death of the decedent on January 19, 1930, and the appointment of the administrator on January 6, 1932. The Supreme Court on certiorari, in a convincing opinion, reversed the ruling of this court as to the nature of the action, and adjudicated that the suit by the administrator was based on a personal and not a property right, and that consequently the two-year limitation under the Code, § 3-1004, was applicable, rather than the four-year limitation under § 3-1002, as had been held by this court. The two-year period of limitation having thus been established, and the suit having been instituted within the two years only if the running of the statute was tolled during the period between the homicide and the appointment of the administrator, the plaintiff now moves this court to "pass upon the question of whether or not the two-year statute of limitations was tolled until the appointment and qualification of the administrator in this case." It therefore becomes necessary for this court to pass on two questions: 1st, whether or not the decision of the Supreme Court adjudicated this latter proposition adversely to the movant;

and 2d, if it did not, whether the intimation in the original opinion of this court that the two-year period of limitation would not thus be tolled is the correct rule.

1. The amendment to the constitution establishing the Court of Appeals, ratified in 1916, provides that "it shall also be competent for the Supreme Court to require, by certiorari or otherwise, any case to be certified to the Supreme Court from the Court of Appeals for review and determination with the same power and authority as if the case had been carried by writ of error to the Supreme Court." Code, § 2-3005. In *Gulf Paving Co.* v. *Atlanta,* 149 *Ga.* 114 (99 S. E. 374), the Supreme Court in construing this provision declared its own jurisdiction to rule on any assignment of error made by the bill of exceptions to the Court of Appeals, with the right and power to dispose of all questions arising in the record of this court. The Supreme Court, however, while thus declaring its jurisdiction to pass on any question raised by the record of this court in any case certioraried from it to the Supreme Court, did not adjudicate that it was its duty so to do, and subsequently, on January 1, 1923, adopted a rule of court, which provides that, "in considering the question of the grant of the petition for certiorari, and, if granted, in disposing of the case, this court will only consider the questions raised in such petition." Rule 45, Code, § 24-4549, 153 *Ga.* 890. See *Mitchell* v. *Owen;* 159 *Ga.* 690 (5), 701 (127 S. E. 122). In the instant case, the Court of Appeals originally held that the four-year period of limitation obtained. The Supreme Court on certiorari reversed this ruling, and held that the two-year period applied. In making this ruling, the Supreme Court held as follows: "An action for damages for a homicide, instituted by an administrator of the deceased, under the Code of 1910, §§ 4424, 4425, as amended by sections 1 and 2 of the act approved August 18, 1924 (Ga. L. 1924, p. 60), to recover for the benefit of a dependent brother of the deceased, is an action for injury done to the person, and must be brought within two years from the time of the injury." It is argued with great earnestness by counsel for defendant that this ruling is conclusive of the question that the action must be brought "within two years from the time of the injury," irrespective of the statutory rule as to the tolling of the statute contained in the Code, § 3-803, invoked by plaintiff in the trial court and before

this court. This section provides as follows: "The time between the death of a person and representation taken upon his estate, or between the termination of one administration and the commencement of another, shall not be counted against his estate, provided such time does not exceed five years; but at the expiration of that time the limitation shall commence, though the cause of action shall have accrued after his death."

It is urged by counsel for the defendant that his interpretation of the decision by the Supreme Court is fortified by the fact that the Supreme Court in its opinion brings out the facts that the petition alleged that "the homicide occurred in the operation of an automobile on the evening of January 17, 1930," that "the estate of . . deceased was not represented until the petitioner's appointment as administrator on January 6, 1932," and that the petition was filed on November 3, 1932. It is stated in his brief, that, in the application for certiorari from the judgment of this court, the applicant, who was the defendant in the trial court, alleged in his petition for certiorari that "the decision of the Court of Appeals, reversing the decision of city court of Decatur, DeKalb County, Georgia, is erroneous for the following reasons: . . In ruling that it was unnecessary to determine if the provisions of Code section 4376 [Code of 1933, § 3-803] were applicable to this suit, for the reason that this question is raised by respondent; and if this court holds that the suit is one for a personal injury, this question must necessarily be decided, to determine whether or not the action of the city court of Decatur was proper in sustaining the general demurrer and dismissing the case, for the reason that the suit showed a lapse of two years and eleven months between the date of the homicide and the date of the filing of the suit." Counsel for defendant therefore urge, that, notwithstanding the opinion of the Supreme Court shows on its face that the court was cognizant of this lapse of time between the date of the homicide and the date of appointment of an administrator, the court nevertheless held that the suit would have to be filed "within two years from the time of the injury;" and that, too, in a case where the petition for certiorari had specifically based one of its assignments of error on the ground that the Court of Appeals had erred in holding it unnecessary to determine whether or not the statute was tolled during the period between the homicide and the appoint-

ment of an administrator. While counsel for defendant recognizes that the Supreme Court in its opinion said that "the controlling question for decision is whether section 4496 of the Code of 1910, allowing four years after the right of action accrues within which to sue for 'injuries to personalty,' applies to the case," he urges that this statement is not to be taken to mean that such was the only question decided, but that such became the "controlling question" only by reason of the fact that the tolling statute did not have application in a case of this character. In other words, his contention is that if the tolling statute applied, then it would have been unnecessary for the Supreme Court to pass on the question whether the suit was .for an injury to personalty or an injury to the person, and the fact that the tolling statute did not apply is what rendered the other question the controlling one.

Undoubtedly there is much force in these contentions. However, assuming that this court could properly examine counsel's petition for certiorari, as a part of the Supreme Court record, in order to determine the scope of its decision, the assignment of error in that petition, as embodied in the briefs of counsel, went merely to the effect that this court erred in ruling that, in view of our decision as to the period of limitation, it was unnecessary to pass on the question as to the tolling of the statute. If we had been correct in holding that the four-year ·period was applicable, it was manifestly true that we would have been correct in holding that it was unnecessary to determine whether the several months period in excess of the two years should be deducted on account of the tolling of the statute. If, however, we had properly ruled, as the Supreme Court subsequently did, that the period of limitation was two years, it would then have been equally manifest that it was necessary for us to have passed on the question as to the tolling of the statute. This in substance, as we understand it, is all that the assignment of error in the petition for certiorari means. The assignment does not, and could not, complain of any erroneous ruling on the question itself, but merely complains of the failure to make any ruling thereon. If the Supreme Court had specifically dealt, which it did not, with the assignment of error on the failure of this court to rule on the question of the tolling of the statute, and if it had sustained the assignment as made, it would have done nothing more than hold that this court, in view of our erroneous

decision on the period of limitation, should have ruled on the tolling of the statute. All that the Supreme Court appears to have done, however, was fully and clearly to adjudicate the question as to the period of limitation, concluding with this sentence: "The *ruling* of the Court of Appeals was erroneous"—that is to say, that the ruling of the Court of Appeals on the question it had just adjudicated was erroneous. (Italics ours.) Without referring to the third division of the Court of Appeals' opinion, in which it was held that under the ruling made in the previous divisions a ruling on the tolling of the statute question was unnecessary, the Supreme Court remanded the case with a judgment of reversal and with direction that "such further action be taken by the Court of Appeals as may be necessary to give effect to the opinion filed in this case." Inasmuch as, under Rule 45, the Supreme Court in disposing of a case "will only consider the questions raised in" the petition for certiorari, and inasmuch as this petition for certiorari makes only two complaints, first, that the ruling of this court on the question of the period of limitation was erroneous, and, second, that in view of the erroneous ruling on the first question the failure of this court to pass on the question of the tolling of the statute was erroneous, we do not think the ruling by the Supreme Court, dealing only with the first question, should be taken and construed by implication as having adjudicated the second question, which had not been decided by this court, and which, although the Supreme Court had the power to decide it, under the rules adopted by the Supreme Court, it would not decide, unless the question itself, as distinguished from the mere failure to decide it, was embodied as an assignment of error in the petition for certiorari. We think the ruling of the Supreme Court must be construed in connection with and in the light of its Rule 45, above quoted; and reading the decision as a whole, especially in the light of this rule, we therefore feel impelled to decide that the only adjudication which the Supreme Court intended to make or did make was on the question as to whether the two-year or the four-year period of limitation was applicable. The language of the Supreme Court in the headnote of its decision, to the effect that an action for damages for a homicide, instituted by an administrator of a deceased to recover for the benefit of a dependent brother of the deceased, "is an action for injury done to the per-

son, and must be brought within two years from the time of the injury," is, as we see it, nothing more than a holding that such an action is for an injury to the person, and therefore is controlled by the law embodied in the Code, § 3-1004 (Code of 1910, § 4497). This section provides that "actions for injuries done to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year." Both the Code section and the headnote of the Supreme Court's opinion appear merely to state the general rule as to limitation of actions for injuries done to the person; and neither seems to deal with any exception to the general rule growing out of the tolling statute on account of any disability of parties.

2. We turn now, from the contention made here by the defendant that the decision of the Supreme Court adjudicated not only the period of limitation, but also the question as to the tolling of the statute, to the only controversy now remaining, which constitutes the only contention made to this court by the plaintiff. This sole contention is that the two-year limitation provided by the Code, § 3-1004, was by virtue of the provisions of § 3-803, tolled by the time elapsing between the death of the deceased and the appointment of an administrator. Although statutes of limitation may in times past have been regarded as a somewhat technical and questionable defense, the attitude of the courts has long since been to view such statutes, not with disfavor, but with encouragement. As was said in *McWhorter* v. *Cheney*, 121 *Ga.* 541, 547 (49 S. E. 603), "The statute of limitations is a statute of repose." Every citizen is interested in the policy of repose which prevents the enforcement of stale demands. The authorities seem to recognize the general rule that in the construction of statutes of limitation general words are to have a general operation, and the courts will not be authorized to engraft thereon exceptions or qualifications not clearly provided for. *Adams* v. *Davis*, 47 *Ga.* 339; *Moore* v. *Moore*, 103 *Ga.* 517 (30 S. E. 535); 37 C. J. 689-691, § 9. There is ample authority for the proposition that in a suit such as the instant one, brought by the administrator for the benefit of designated relatives of a deceased, the recovery does not become a part of the estate of the deceased, that the administrator in bringing the

suit acts merely as a quasi trustee or nominal party for those entitled to the fund, and that his only duty on receipt of the proceeds of recovery is to pay them to the proper beneficiaries. See *Southern Bell Tel. Co.* v. *Cassin,* 111 *Ga.* 575, 577 (36 S. E. 881, 50 L. R. A. 694); *Seaboard Air-Line Ry. Co.* v. *Brooks,* 151 *Ga.* 625, 628 (107 S. E. 878); *Cooper* v. *Cooper,* 30 *Ga. App.* 710 (119 S. E. 335); 17 C. J. 1210. These rulings go no further than the plain meaning and intent of the language used in the statute itself. Code, § 105-1309. In other words, such an action by an administrator is not brought by him as such, but his name and office are merely lent to the beneficiary for the purpose of enforcing the individual rights of the beneficiary, and not for the purpose of recovering a claim owing to the estate. The amount of the recovery is therefore not subject to debts owed by the decedent, and in the recovery the estate as such has no claim, right, or concern. If, as in some States, the right of recovery had been vested in the administrator for the benefit of the estate, the case would be different. But where, as in this State as well as many other States, the right of recovery is given to the dependent next of kin, the statute might as well have vested the power to sue in the ordinary or any other named official as in the administrator. Accordingly, the provisions of the Code, § 3-803, as to the tolling of the statute, that "the time between the death of a person and representation taken upon his estate . . shall not be counted *against his estate,*" does not and can not have application to a case where his *"estate"* is in no wise interested or concerned. The tolling statute having been established for the benefit of the estate, as expressed by its own plain terms, and the estate having no interest or concern in litigation such as the instant suit, the provisions of this statute can not properly be invoked in favor of an individual entitled to sue in the name of the administrator, and the case stands just as if the tolling statute did not exist.

It would seem that no injustice would result by the rule here adopted; for, as was said by Justice Gilbert in *Seaboard Air-Line Ry. Co.* v. *Brooks,* supra, "representation of the estate may be had at any time upon the application of the beneficiaries;" and the defendant "owes no duty to move for such appointment." The ruling in that case, while planted partly on the ground that

the employer's liability statute, creating the liability, imposed its own limitation, was also planted very largely on the fact that the suit was not one "for recovery of a judgment for the benefit of the estate of a deceased."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*