50891. S. D. H. COMPANY v. STEWART.

WEBB, Judge.

S. D. H. owned property at Saint Williams Chapel upon which is located a restaurant known as The Abbey. The owner desired to make a bar addition to the restaurant, and a bid was submitted by "J. Ed Stewart, Inc.," signed by "J. Ed Stewart, President." A contract was prepared on a standard AIA document showing the parties to be "The Abbey, Inc.," as owner, and "J. Ed Stewart, Inc.," as contractor. This draft of the contract was amended by substituting "The S. D. H. Company" for the Abbey; by striking "Inc." from "J. Ed Stewart, Inc." in the recitation of the contracting parties; and by striking "Inc." and substituting "Contractor" in the contractor's signatory provision. The resulting final contract showed The S. D. H. Company as owner and J. Ed Stewart as Contractor, with the Contractor signatory provision as

follows: "J. Ed Stewart, Contractor

—————————————

J. Ed Stewart, President"

Upon this document Stewart as an individual sued S. D. H. for an alleged balance due thereunder and for "Certain extra, changed and additional work." S. D. H. answered and counterclaimed, asserting that there had been an accord and satisfaction by virtue of the Final Contractor's Affidavit, an Escrow Agreement, and defendant's direction to the escrow agent to pay out the "retainage" withheld from the contract balance for completion of the "punch list" items. S. D. H. further claimed that it did not contract with Stewart individually but with his corporation, and that payments on the contract were made to the corporation.

Stewart swore in the Final Contractor's Affidavit that he "is an officer of J. Ed Stewart, Incorporated (the 'Company') and duly authorized to execute this affidavit in a representative capacity on behalf of the above corporation; that the Company [J. Ed Stewart, Incorporated] contracted with S. D. H. Company (the 'Owner') to furnish services, labor, and materials for the construction of the improvements . . ." The affidavit recites that it is made for the purpose of inducing S. D. H. to pay $13,611.77 to Stewart's corporation as the balance of the contract price, receipt of which was acknowledged by Stewart on behalf of his corporation, less $2,500 retainage to be paid by S. D. H. to the escrow agent for distribution to the corporation upon completion of the "punch list" items.

In similar fashion the Escrow Agreement was entered into between "J. Ed Stewart, Incorporated" and S. D. H., and recited that Stewart's corporation had entered into the contract with S. D. H., that his corporation had received payment in full of the contract price less the $2,500 retainage, and that the retainage was to be paid over to the corporation upon completion of the "punch list" items.

Subsequently S. D. H. acknowledged completion of the "punch list" items and authorized the escrow agent to disburse the retainage by issuing one check in a certain

amount to "J. Ed Stewart, Incorporated," and two other checks payable jointly to "J. Ed Stewart, Incorporated" and third parties.

Furthermore, the performance bond and the labor and material payment bond both show the principal to be "J. Ed Stewart, Inc."

Stewart testified that since 1965 he had "been employed by my own firm, which name is J. Ed Stewart, Incorporated," but that he had signed the contract in question in his individual capacity. However, he elsewhere testified: "Q. Now, you signed the contract 'J. Ed Stewart, President.' What does that mean? A. That means I'm the president of that company . . . Q. Now, is it your contention that you did have this contract as an individual or as a corporation? A. To me, Mr. Gober, it made no difference because my corporation is a one-owner corporation, so when I — The way I have always operated my business, it really made no difference to me. And I signed it as an individual, but my corporation did the work. And I'm not sure of this, but I bet the corporation was paid for it. Q. Well, you know that, don't you? A. No, sir, I'm not sure how the checks were made out. They all go in the same bank account."

The jury returned a verdict for Stewart, the individual, for the $2,500 retainage on the written contract, which apparently was never paid out by the escrow agent, and also in the amount of $3,600 for the value of the extra, changed and additional work. S. D. H. appeals, contending that (1) the claim was barred by an accord and satisfaction, and (2) Stewart had no right to recover in his individual capacity. *Held:*

1. The court properly struck the defense of accord and satisfaction, whether or not the construction contract was with the corporation. The accord, as contained in the Final Contractor's Affidavit and the Escrow Agreement, was that Stewart's corporation would be paid immediately all but $2,500 of the contract balance and that, upon completion of the "punch list" items enumerated in the agreement, S. D. H. would direct the escrow agent to pay over the $2,500 to the corporation. S. D. H. directed the agent, however, to pay portions of the $2,500 to persons other than Stewart's corporation, and

the accord has never been fully executed. Accordingly it is no bar to the present action. *Hoffman v. Franklin Motor Car Co.,* 32 Ga. App. 229, 235 (6) (122 SE 896).

2. S. D. H. asserted in its answer that it contracted with Stewart's corporation, not with Stewart individually. The same point was raised by way of S. D. H.'s motion for directed verdict. This commingling of individual and corporate affairs and failure to join the corporation as a party vexed the court at trial, but nothing was done about it — the motion for directed verdict was overruled, and the trial court failed to instruct the jury as requested to determine whether S. D. H. contracted with the individual or the corporation. Error is enumerated as to these matters, and reversible error is apparent.

Had S. D. H. pursued its "real party in interest" defense before trial (CPA § 17; Code Ann. § 81A-117), a reasonable time would have been allowed after objection "for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . ." CPA § 17(a) (Code Ann. § 81A-117 (a)). *Wilson Marine Sales &c. v. Fireman's Fund Ins. Co.,* 133 Ga. App. 220 (211 SE2d 145). Similarly, a defense of failure to join the corporation as an indispensable party could have been asserted in the responsive pleading, by motion, by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits. CPA §§ 12(b), (h); (Code Ann. § 81A-112 (b), (h)); 3A Moore's Federal Practice 2211, § 19.05[2]. "And the matter is so vital that an appellate court, *sua sponte* if necessary, may consider it although the point was not raised in the trial court. If the indispensable party can be joined, the court should ordinarily permit the joinder and not dismiss the action." 3A Moore's Federal Practice 2211-12, § 19.05[2].

The corporation should have been joined as a party under the standards set forth in CPA § 19 (a) (Code Ann. § 81A-119(a)).[1] While defendant S. D. H. was derelict in not

_____

[1]"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those who are already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the

precisely presenting this issue at the earliest practicable time, plaintiff Stewart disregarded the mandate of CPA § 19 (c) (Code Ann. § 81A-119 (c)) by failing to state why his corporation was not joined as a party. We reverse, and remand for a new trial on condition that Stewart, under CPA § 21 (Code Ann. § 81A-121), move to make his corporation a party plaintiff. The trial court is directed to permit such joinder, but upon failure of Stewart to so move for joinder within 20 days of receipt of the remittitur, final judgment shall be entered in defendant's favor. Boles v. Greeneville Housing Authority, 468 F2d 476 (CA 6).

*Judgment reversed with direction. Bell, C. J., and Marshall, J., concur.*

Argued June 17, 1975 — Decided July 16, 1975.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant.
*Smith, Currie & Hancock, Robert D. Marshall, Bert R. Oastler,* for appellee.

action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party."