## 53936. SHERWOOD MEMORIAL PARK, INC. v. BRYAN.

McMurray, Judge.

David B. Bryan, d/b/a Memorial Management Company, filed a suit for damages against Sherwood Memorial Park, Inc. Defendant answered and asserted, inter alia, failure to join an indispensable party and failure to prosecute said action in the name of the real party in interest — alleging that plaintiff, Memorial Management Company, is a partnership composed of David B. Bryan and Nell M. Bryan.

Defendant also filed a separate motion to dismiss upon the same grounds. A hearing was scheduled on the motion. Depositions of David and Nell M. Bryan were filed, although sealed. At the hearing on the motion to dismiss, the trial judge would not allow the presentation of any evidence whatsoever but stated that he would make his ruling based on the pleadings and not take into consideration the evidence contained in the depositions nor would he allow any oral testimony. Counsel for movant desired this evidence be considered and also that he be permitted to submit oral testimony.

The court denied the motion. A certificate of immediate review was granted, and this court authorized an immediate appeal. *Held:*

Under the CPA, Code Ann. § 81A-143 (b) (Ga. L. 1966, pp. 609, 654; 1968, pp. 1104, 1108), when a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions. The court thus has broad powers as to how it shall hold preliminary hearings. Indeed, the court may select the method of presenting such evidence but may not refuse to hear evidence "unless the court orders that the hearing and determination thereof be deferred until the trial." See Code Ann. § 81A-112 (d) (CPA § 12; Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 693).

Here the plaintiff contends he is doing business as an individual proprietor. The defendant contends he was

doing business as a partnership, and a joinder of another person is necessary. See in this connection Code Ann. § 81A-119 (CPA § 19; Ga. L. 1966, pp. 609, 630; 1972, pp. 689, 694). It is also noted that the defendant has filed a counterclaim against David B. Bryan and Memorial Management Company, which company it contends is a partnership of David B. Bryan and Nell M. Bryan. Accordingly, the judgment of the court below is reversed and remanded with direction that the court rehear the preliminary motion and make a determination within its discretion as to how evidence may be heard with respect thereto under the above cited Code sections.

We note that in *Empire Bkg. Co. v. Martin,* 133 Ga. App. 115, 119 (210 SE2d 237), this court has held that the lack of an indispensable party is not cause for dismissal, particularly if the indispensable party can be joined. See also *Smith v. Merchants &c. Bank,* 226 Ga. 715 (3) (177 SE2d 249); *King v. King,* 228 Ga. 818 (1) (188 SE2d 502).

Nor is there any magic in mere nomenclature. *McDonald v. State,* 222 Ga. 596 (1) (151 SE2d 121). Thus, if plaintiff is not the real party at interest, the court should in hearing the preliminary defense make a determination under Code Ann. § 81A-117 (CPA § 17; Ga. L. 1966, pp. 609, 629; 1968, pp. 1104, 1107), and if the indispensable party can be joined, the court should ordinarily permit the joinder and not dismiss but take such other action as may be required by Code Ann. § 81A-117, supra, or § 81A-114 (Ga. L. 1966, pp. 609, 627; 1969, p. 979). See *S.D.H. Co. v. Stewart,* 135 Ga. App. 505, 508 (218 SE2d 268).

*Judgment reversed and remanded. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 3, 1977 — DECIDED JUNE 28, 1977.

*Crowe & Manheim, Alan C. Manheim,* for appellant. *Leonard Cohen,* for appellee.