## 55145. BOGGAN v. BOGGAN et al.

McMurray, Judge.

This is a declaratory judgment action in which the petitioner, a widow, having sued for wrongful death of her husband, recovered a net sum of $99,756. She contends in this action that three of the children of the deceased, all sui juris, are each claiming a one-quarter interest in the proceeds and demanding that she distribute such shares to them with interest; that there is an actual controversy between the parties regarding the laws of descent and distribution and the law of wills, inasmuch as her husband by will made her his sole beneficiary. She prayed that she be entitled to the entire proceeds of the wrongful death action described above.

The defendants answered, and counterclaimed, admitting the major averments of the complaint but denying that the plaintiff was entitled to the entire proceeds of the settlement of the wrongful death action. They prayed that each receive one-quarter of the proceeds, that is, $24,939 each.

A joint motion for summary judgment was filed by all the parties admitting there are no disputed material issues of fact, and attaching a stipulation of facts thereto. Whereupon the court found the material facts to be as stipulated between the parties and concluded that the wrongful death statute is in derogation of the common law, must be strictly construed, and provides that recovery shall be held by the widow "subject to the law of descents," and that the funds held by the widow as a result of the wrongful death action were not a property right in the husband-father which could be devised by will since the cause of action did not arise until his death, the wrongful death action being a "statutorily-created cause of action," not a part of the husband-father's estate for tax purposes, nor subject to creditor's claims against the estate, albeit the amount of compensation is based on the value of the deceased's life to himself and not to the widow and children. The court then decreed that each of the defendants were to receive one fourth of the amount of the recovery, that is, $24,939 each, which "the plaintiff is hereby declared to be holding . . . in trust for them," and

plaintiff should forthwith distribute such shares to defendants with interest from the date of settlement of said wrongful death action. Plaintiff appeals. *Held:*

Code § 105-1304 clearly holds that in the event of a recovery by the widow "she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased." It has been held that this right did not exist at common law and that same should be construed strictly. *Bloodworth v. Jones,* 191 Ga. 193, 194 (11 SE2d 658). See also *Vickers v. Vickers,* 210 Ga. 488 (80 SE2d 817). Thus, even if there were a will, recovery was no part of the estate of the deceased, and the widow holds same subject to "the law of descents." The trial court did not err in awarding each of the three children a one-fourth interest in the amount recovered.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 12, 1978 — DECIDED MARCH 9, 1978 — REHEARING DENIED MARCH 23, 1978 — CERT. APPLIED FOR.

*Greene, Buckley, DeRieux & Jones, Thomas B. Branch, III, Robert C. Lamar,* for appellant.

*Alston, Miller & Gaines, Sidney O. Smith, Jr., Jay D. Smith,* for appellees.