### 59731. DeLOACH v. EMERGENCY MEDICAL GROUP.

SMITH, Judge.

Appellant brought a wrongful death action based upon alleged medical malpractice. Appellee moved to dismiss on the ground that the claim was barred by the statute of limitations. The trial court granted the motion and appellant appeals. We affirm.

The deceased sustained severe head injuries on January 18, 1977. He was brought to the hospital and treated by physicians employed by appellee. On March 7, 1977, the patient died. On May 25, 1978, appellant was appointed administratrix of the decedent's estate. She brought this action on March 7, 1979 pursuant to Code § 105-1309 for the benefit of the next of kin.

1. While the period of limitations for wrongful death actions has generally been governed by Code § 3-1004 (see *King v. Patellis,* 181 Ga. 157, 159 (181 SE 667) (1935)), the legislature has adopted a special statute of limitations applicable to "actions for medical malpractice." See Code §§ 3-718, 3-1004. Code § 3-1101 provides: "As used in this section, the term 'action for medical malpractice' means

any claim for damages resulting from the death of or injury to any person arising out of (a) health, medical, dental or surgical: (1) service, (2) diagnosis, (3) prescription, (4) treatment, or (5) care, rendered by a person authorized by law to perform such service or by any person acting under the supervision and control of such lawfully authorized person . . ." The instant case falls within this language. We therefore conclude that the applicable period of limitations in the instant case is set forth in Code § 3-1101 et seq.

Code § 3-1102 generally provides that ". . . an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act or omission occurred." However, under Code § 3-1104, "[t]he disabilities and exceptions prescribed in Chapter 3-8 in limiting actions on contracts shall be allowed and held applicable to action, whether in tort or contract, for medical malpractice."

Appellant's complaint alleges that negligent acts and omissions occurred between January 18 and 20, 1977. Unless the statute of limitations was tolled by one of the disabilities or exceptions of Chapter 3-8, appellant's action is barred.

2. Appellant contends the statute was tolled under Code § 3-801 since both the decedent's next of kin were "infants when the cause of action accrued." Appellant also contends the statute was tolled under Code § 3-803 to the extent of the "time between the death of [the deceased] and representation taken upon his estate." We accept neither contention.

Even assuming the minority of the decedent's next of kin was properly alleged in the complaint, the statute of limitations was not tolled under Code § 3-801. "[W]here minors are seeking to toll the statute of limitations, their interest must be such as will enable them to maintain an action in their own name. *Pendergrast v. Foley,* 8 Ga. 1 (3); *Worthy v. Johnson,* 10 Ga. 358 (54 Am. Dec. 393); *Wingfield v. Virgin,* 51 Ga. 139 (1)." *Williams v. Seaboard A. L. R. Co.,* 33 Ga. App. 164, 165 (125 SE 769) (1924). In an action under Code § 105-1309, "the administrator or executor of the decedent may sue for and recover and hold the amount recovered for the benefit of the next of kin." Since the right of action in the instant case lies with the administratrix of the decedent's estate, the minority of the decedent's next of kin did not toll the applicable statute of limitations. See *Nelson v. Estill,* 190 Ga. 235, 243 (9 SE2d 73) (1940); *Smith v. Turner,* 112 Ga. 533 (37 SE 705) (1900); *Monroe v. Simmons,* 86 Ga. 344 (12 SE 643) (1890). It would be anomalous to hold that the statute of limitations is tolled until the decedent's next of kin reach majority when, upon reaching majority, the next of kin could not maintain an action in their own name. See *Shell v. Watts,* 125 Ga.

App. 542, 543 (188 SE2d 269) (1972), reversed on other grounds, 229 Ga. 474 (192 SE2d 265) (1972). For purposes of this wrongful death action, the alleged minority of the next of kin is not a "disability" within the meaning of Code § 3-801.

Appellant's contention that the statute is tolled under Code § 3-803 must also be rejected. Code § 3-803 provides that "[t]he time between the death of a person and representation taken upon his estate . . . shall not be counted against his estate." In an action under Code § 105-1309, the suit is on behalf of the decedent's next of kin, not the estate. Code § 3-803 "does not and can not have application to a case where [the decedent's] 'estate' is in no wise interested or concerned." *Patellis v. King,* 52 Ga. App. 118, 126 (182 SE 808) (1935).

3. Appellant contends that the complaint is an amendment to a timely filed complaint and "relates back to the date of the original pleading under CPA § 115 (c) (Code Ann. § 81A-115 (c)). However, there is no complaint in the record other than that filed against appellee and appellant has made no showing that CPA § 115 (c) is applicable to the case at bar.

4. "Since the bar of the statute of limitation appears on the face of the complaint, the defendants could and did raise the question at the trial term by their motion to dismiss the complaint . . ." *Addington v. Ohio Sou. Express,* 118 Ga. App. 770, 772 (165 SE2d 658) (1968); *O'Quinn v. O'Quinn,* 237 Ga. 653, 654 (229 SE2d 428) (1976).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED SEPTEMBER 26, 1980.

*Milton M. Moore, Jr., James H. Moss,* for appellant.
*George H. Chamblee,* for appellee.