**70235. TARVER et al. v. MARTIN et al.**
(334 SE2d 18)

BENHAM, Judge.

Spalding County Deputy Sheriff James M. Tarver, Sr., was struck and killed by a truck driven by appellee Mark Martin and owned by appellee Tommy Martin. Surviving Tarver were his sons, appellants James M. Tarver, Jr., and Jeffrey T. Tarver, and two women claiming to be his widow, appellants Mary Banks Tarver and Revia Bivens Tarver. Each of the women, as well as the two sons, filed a separate action against appellees for the wrongful death of the decedent, and appellant Revia Tarver, having been appointed administratrix of the decedent's estate, filed suit seeking recompense for the decedent's pain and suffering and medical and burial expenses. Upon motion of appellees, the trial court joined all the plaintiffs/appellants pursuant to OCGA § 9-11-19 (a) (2) (B). Appellants received a certificate of immediate review from the trial court, and this court agreed to make an interlocutory review of the trial court's action.

1. In its order joining the various plaintiffs, the trial court exhibited its awareness that the primary question in the case would be the identification of the proper party to bring the wrongful death action. At that time, OCGA § 51-4-2 was in existence and gave only the widow the ability to bring the wrongful death action. But see *Tolbert v. Murrell*, 253 Ga. 566 (322 SE2d 487) (1984). But see also Ga. Laws 1985, p. 1253, Sec. 1. The court noted that a declaratory judgment

action is the tool generally used to resolve such a conflict (see *Hobgood v. Black*, 144 Ga. App. 448 (2) (241 SE2d 60) (1978)), but no party had pursued that avenue of relief. Because the sole issue raised by the parties was that of joinder, the court granted the joinder motion.

Our review of the record reveals that plaintiffs' "motion for direction" was pending before the court at the time the joinder motion was entertained and granted. In their motion, plaintiffs acknowledged that they were uncertain as to whom among them was the proper wrongful death plaintiff, and sought resolution of the conflict by the trial court. While by no means an action for declaratory judgment, plaintiffs' motion embodied the same request a declaratory judgment action would, and certainly raised the issue in the trial court.

If the case is allowed to proceed in its present posture, the jury that determines who is the proper plaintiff will also be the jury that hears the wrongful death aspect of the case. There is a very real possibility that the decedent's colorful marital history (see *Spalding County Commissioners v. Tarver*, 167 Ga. App. 661 (307 SE2d 58) (1983)) would have a prejudicial effect upon the jury hearing the wrongful death action. Thus, the trial court should have used plaintiffs' motion for direction as the vehicle to determine the proper plaintiff before granting the joinder motion. We therefore reverse the trial court's grant of joinder and remand the case to the trial court with the direction that it consider plaintiffs' motion for direction.

2. The trial court did not err in refusing to give res judicata or collateral estoppel effect to a consent judgment entered into by the various plaintiffs. The principles of res judicata and collateral estoppel apply to parties and their privies (*Anderson Oil Co. v. Benton Oil Co.*, 246 Ga. 304 (2) (271 SE2d 207) (1980)), and neither the defendants/appellees nor their privies were parties to the consent judgment.

3. Nor was it error for the trial court to join the claim of the administratrix of the decedent's estate with the wrongful death claims. Under the rationale enunciated by the Supreme Court in *Stapleton v. Palmore*, 250 Ga. 259 (297 SE2d 270) (1982), the promotion of judicial economy and the statutory protection against a defendant incurring multiple or inconsistent obligations (see OCGA § 9-11-19 (a) (2) (B)) calls for the joinder of the claims where the defendant raises the issue. Defendants/appellees having raised the issue, it was not error to join the wrongful death and personal injury claims.

*Judgment reversed and case remanded with direction. Banke, C. J., and McMurray, P. J., concur.*

Decided September 3, 1985.

Robert H. Smalley, Jr., for appellants.
Samuel A. Murray, for appellees.