A90A0824. WALDEN et al. v. JOHN D. ARCHBOLD MEMORIAL HOSPITAL, INC. et al.

(398 SE2d 271)

SOGNIER, Judge.

Charles McIntyre, Dewayne Mitchell, Alberta Glenn, and siblings of James Edward Anderson brought suit for medical malpractice, negligence, and wrongful death against John D. Archbold Memorial Hospital and others, seeking recovery of damages stemming from Anderson's death. It was alleged that Anderson had been injured by defendants on December 6, 1986 and had died from those injuries on January 14, 1987. Plaintiffs originally filed suit on December 2, 1988, but voluntarily dismissed that suit and refiled the instant suit on August 3, 1989.

In the renewed complaint, plaintiffs identified themselves as "next of kin and heirs." Defendants moved in August 1989 to dismiss the complaint for failure to state a claim upon which the relief demanded could be granted, based on the failure of plaintiffs to name the real parties in interest to the varying claims and on the running of the statute of limitation. The trial court granted the motion in part, holding that in the absence of a surviving spouse, the wrongful death claim could be brought only by McIntyre and Mitchell (by next friend Pauline Mitchell), as Anderson's illegitimate children, in effect dismissing the remaining plaintiffs. The trial court directed plaintiffs' counsel to recast the complaint to reflect that McIntyre and Mitchell b/n/f Mitchell were the plaintiffs in the wrongful death action and to file and serve the complaint within 15 days. The trial court also granted defendants' motion to dismiss as to the remaining claims on the basis that those claims had not been prosecuted within the statutory period by any person having the right to do so, and directed that the recast complaint not include any claims for those other damages.

No express determination of finality was included in the order, see OCGA § 9-11-54 (b), and no certificate for immediate review was sought from the order, see OCGA § 5-6-34 (b), due to plaintiffs' understanding that the order entered was a proposal rather than a final judgment. Plaintiffs thereafter filed an amended complaint in compliance with the directions in the order insofar as McIntyre and Mitchell b/n/f Mitchell were concerned, but added Glenn, as "personal representative" of Anderson's estate, as plaintiff in the negligence and medical malpractice claims for the purpose of seeking damages for Anderson's pain and suffering, his medical, funeral, and other expenses, and for attorney fees and punitive damages. Plaintiffs then moved for a rehearing on the order. The trial court entered a second order in which it allowed the amended complaint as to the wrongful death claim, but dismissed Glenn as to the remaining claims for the same reason set forth in the earlier order. The trial court then certi-

fied its order pursuant to OCGA § 5-6-34 (a), and plaintiffs' application for interlocutory appeal was granted.

1. Appellants contend the trial court erred by ruling that Anderson's illegitimate children (in the absence of a surviving spouse) had the exclusive right of action on the wrongful death claim under OCGA § 51-4-2, thereby dismissing Anderson's siblings, the remaining appellants, from pursuing the claim. Although appellant siblings enumerate as error that OCGA § 51-4-2 violates their equal protection and due process rights, a matter not addressed by the Supreme Court when considering a constitutional challenge to OCGA § 51-4-2 in *Mack v. Moore*, 256 Ga. 138 (345 SE2d 338) (1986), appellants' constitutional challenge to the statute was not raised before and passed on by the trial court in order to invoke the jurisdiction of the Supreme Court. Accordingly, this court has jurisdiction of the appeal. *Mason v. Town of Berlin*, 128 Ga. App. 177 (196 SE2d 181) (1973).

The constitutionality of OCGA § 51-4-2 is thus presumed, see *Corvair Furniture Mfg. Co. v. Bull*, 125 Ga. App. 141, 144 (2) (186 SE2d 559) (1971), and the statute, by its express terms, vests the cause of action for the wrongful death of a spouse or parent in the surviving spouse or, if there is no surviving spouse, in the child or children of the decedent. (It should be noted that OCGA § 51-4-2 (f), which provides that the illegitimacy of a child does not bar recovery under the statute, became effective after Anderson's death on July 1, 1988, see Ga. L. 1988, p. 1720, § 17, although the holding in *Edenfield v. Jackson*, 251 Ga. 491 (306 SE2d 911) (1983) is applicable here.) Construed strictly because it is in derogation of common law, *Boggan v. Boggan*, 145 Ga. App. 401, 402 (243 SE2d 664) (1978), OCGA § 51-4-2 clearly does not encompass the maintenance of a wrongful death action by the siblings of a decedent. Accordingly, the trial court properly dismissed appellant siblings as parties to the wrongful death suit.

2. Contrary to the dissent's assertion, a review of the errors enumerated and the arguments raised by the parties in their briefs reveals that the trial court's ruling that the wrongful death suit be recast in the names of appellants McIntyre and Mitchell b/n/f Mitchell is not challenged by any of the parties to this appeal. Rather, appellant siblings argue that they should be allowed to maintain the wrongful death suit as plaintiffs because the siblings "are fearful that should [McIntyre and Mitchell, the illegitimate children], to whom the trial court has given the exclusive cause of action, be unable to prove their right to sue and inherit as 'children' of the decedent, that [appellant siblings] will be forever barred by the statute of limitations from pursuing their claim as the next of kin of the decedent." Although appellant siblings assert that they should remain as plaintiffs in the wrongful death suit "until it is determined whether or not there is a surviving child," since appellant siblings can never qualify

as proper plaintiffs under OCGA § 51-4-2, as construed above, there is no merit to their argument. Further, even as "next of kin" under OCGA § 51-4-5 (a), they could not maintain an action in their own name since the right of action lies with the administrator of the decedent's estate. *DeLoach v. Emergency Med. Group*, 155 Ga. App. 866, 867 (2) (274 SE2d 38) (1980), overruled in part sub silentio as to OCGA § 9-3-71 (former Code Ann. § 3-1102) by *Clark v. Singer*, 250 Ga. 470 (298 SE2d 484) (1983) and *Shessel v. Stroup*, 253 Ga. 56, 58 (316 SE2d 155) (1984). Thus, it appears that this court has not been called upon to address the trial court's handling of the issue whether McIntyre and Mitchell are "children" under OCGA § 51-4-2.

3. Appellants contend the trial court erred by dismissing their causes of action for negligence and medical malpractice and the damages sought for medical and funeral expenses, the decedent's pain and suffering, attorney fees, and punitive damages. Under the plain language in OCGA §§ 9-2-41 and 51-4-5 (b), upon the death of Anderson these causes of action vested in the administrator of his estate, not, as appellants assert, in them as Anderson's heirs and next of kin. Contrary to appellants' argument, *Harrison v. Holsenbeck*, 208 Ga. 410, 412 (67 SE2d 311) (1951) does not support their position. In *Harrison* the successor administrator to an estate sought to cancel certain deeds to real property which had not been challenged within the statute of limitation either by the predecessor administratrix or the heirs at law. The Supreme Court's holding was based on an application of former Code Ann. § 113-907 (OCGA § 53-4-9), which authorizes heirs at law to institute actions in the absence of an administrator when real property is involved. See also *Arnold v. Freeman*, 181 Ga. 654, 657 (2) (183 SE 811) (1935). Since the case at bar does not involve real property, OCGA § 53-4-9 is not applicable, and *Harrison*, supra, is distinguishable.

Accordingly, since appellants were not the proper parties to assert the causes of action under OCGA §§ 9-2-41 and 51-4-5 (b), the dismissal of them was proper.

4. The dissent contends that the trial court should be ordered to substitute the administrator of Anderson's estate to prosecute the causes of action under OCGA §§ 9-2-41 and 51-4-5 (b). As a general rule, "the lack of an indispensable party is not cause for dismissal, particularly if the indispensable party can be joined. [Cits.] . . . Thus, if plaintiff[s] [are] not the real part[ies] at interest, the court should in hearing the preliminary defense make a determination under [OCGA § 9-11-17], and if the indispensable party can be joined, the court should ordinarily permit the joinder and not dismiss but take such other action as may be required by [OCGA § 9-11-17 or OCGA § 9-11-14. Cit.]." *Sherwood Mem. Park v. Bryan*, 142 Ga. App. 664, 665 (236 SE2d 903) (1977). In the case sub judice, however, no

such joinder or substitution could have occurred because no administrator was appointed until nearly five months after the trial court's order.

The record establishes that appellees moved to dismiss appellants' complaint under OCGA § 9-11-12 (b) on August 28, 1989. On October 13, 1989, the trial court ruled that the proper party to pursue the claims under OCGA §§ 9-2-41 and 51-4-5 (b), i.e., the administrator of Anderson's estate, was not among those plaintiffs bringing the suit. On November 28, 1989, when the trial court issued its final ruling on appellees' motion, no administrator to Anderson's estate had been named. Thus, the indispensable party to these claims did not exist as a matter of law, and there existed no party who was subject to service of process as temporary administrator of Anderson's estate who could be joined under OCGA § 9-11-19 or substituted under OCGA § 9-11-25. The supplemental record reflects that a temporary administratrix of Anderson's estate was not named until April 23, 1990, nearly five months after the final order in this case and approximately four months after the appeal from the trial court's order was docketed in this court.

While a liberal construction of the Civil Practice Act is the rule in the appellate courts of this State, *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984), the trial court here cannot be held to have erred after a motion to dismiss was made in August 1989, by not allowing appellants in November 1989 to join or substitute as plaintiff a party that did not exist at that time, and did not exist as a matter of law until April 1990. The fact that the indispensable party or real party in interest did not exist to be substituted into this action at the time the judgments below were rendered distinguishes this case from *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859 (344 SE2d 742) (1986), cited by the dissent, and *Dover Place Apts. v. A & M Plumbing &c. Co.*, 255 Ga. 27 (335 SE2d 113) (1985), discussed therein. That fact also distinguishes the case at bar from *S. D. H. Co. v. Stewart*, 135 Ga. App. 505, 508 (2) (218 SE2d 268) (1975), in which this court, after noting the defendant's failure to pursue its "real party in interest" defense under OCGA § 9-11-17, reversed the judgment awarded the plaintiff as an individual rather than as the individual's wholly owned corporation, with direction that the individual join the corporation as party plaintiff.

It thus affirmatively appears of record that at the time the trial court took appellees' motion to dismiss under advisement, the proper party to pursue the claims pursuant to OCGA §§ 9-2-41 and 51-4-5 (b) did not exist and accordingly could not have been made a party plaintiff. Therefore, the trial court did not err by dismissing appellants as plaintiffs in these claims and did not err by failing to substitute in their stead a nonexistent party whose existence was outside

the jurisdiction of the trial court to create. See, e.g., OCGA § 53-6-26.

This is not to say, however, that the trial court did not err by holding that appellants in any representative capacity they might assume are barred from asserting the claims personal to Anderson because the statute of limitation had run prior to the appointment of an administrator to Anderson's estate. OCGA § 9-3-92 provides that "[t]he time between the death of a person and the commencement of representation upon his estate . . . shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. At the expiration of the five years the limitation shall commence. . . ." It thus appears that while the estate was unrepresented, OCGA § 9-3-92 tolled any cause of action under OCGA §§ 9-2-41 and 51-4-5 (b) in which Anderson's estate is interested or concerned, see *Patellis v. King*, 52 Ga. App. 118, 126 (182 SE 808) (1935); *DeLoach*, supra at 868 (2), and that tolling continues as to those causes of action a temporary administrator, as opposed to a permanent administrator, is unable as a matter of law from asserting on behalf of the estate. See *Collins v. Henry*, 155 Ga. 886, 890 (2) (118 SE 729) (1923); *Baumgartner v. McKinnon*, 137 Ga. 165 (73 SE 518) (1911). Compare *Wilson v. Pollard*, 190 Ga. 74 (8 SE2d 380) (1940). At the time the November 1989 order was issued, however, none of the appellants had standing to assert that this ruling by the trial court was error. The record before this court does not reflect that appellant Glenn, upon obtaining letters of temporary administration and legal authority to proceed as representative of Anderson's estate, has attacked the November 1989 judgment by any of the exclusive methods set forth in OCGA § 9-11-60, see generally *C & S Nat. Bank v. Burden*, 145 Ga. App. 402, 403 (2) (244 SE2d 244) (1978), or filed a new complaint, as the proper plaintiff to those causes of action dismissed in the November 1989 judgment (which upon motion could thereafter be joined or consolidated with the wrongful death action currently before the trial court). Nor does it appear of record that appellants McIntyre and Mitchell b/n/f Mitchell, the remaining plaintiffs in the amended complaint, have moved the trial court to amend their complaint to add the recently named temporary administratrix of Anderson's estate and the causes of action which the temporary administratrix alone can pursue. Hence, this court is unable to address the effect OCGA § 9-3-92 may have on the issues in this case.

In summary: (1) Since appellant siblings cannot pursue a wrongful death claim against appellees under OCGA § 51-4-2, the trial court did not err by dismissing them. (2) Since no party contends the trial court erred by naming McIntyre and Mitchell b/n/f Mitchell as plaintiffs in the wrongful death suit, the trial court has committed no reversible error by so naming them. (3) Further, since appellants were

not the real parties in interest to assert the claims personal to the decedent, the trial court did not err by dismissing them. (4) Finally, since the proper party to the claims personal to the decedent did not exist as a matter of law at the time the trial court entered its order, the trial court did not err by failing to join or substitute this nonexistent party as party plaintiff. We emphasize that as to the parties to this appeal, the trial court's erroneous conclusion regarding the running of the statute of limitation against Anderson's estate does not affect an affirmance of the judgment granting appellees' motion to dismiss appellants, and discussion of OCGA § 9-3-92 should be considered, at best, helpful dicta.

*Judgment affirmed. Carley, C. J., Birdsong, Pope, Beasley and Cooper, JJ., concur. Deen, P. J., McMurray, P. J., and Banke, P. J., dissent.*

McMURRAY, Presiding Judge, dissenting.

As I am not disposed to concur in the majority view, I must respectfully dissent and set forth my views herein.

On December 2, 1988, Delores Walden, Alberta Glenn, Willie Lee Anderson, Willie Bell Johnson, Zion Anderson, Jonathan Anderson, Charles McIntyre and Wayne Mitchell (plaintiffs), "individually and as next of kin and heirs . . ." of James Edward Anderson, filed an action against John D. Archbold Memorial Hospital, Inc., and members of the hospital's staff (defendants) for allegedly causing the death of James Edward Anderson on January 14, 1987. More specifically, plaintiffs alleged that James Edward Anderson died after he was severely burned while a patient of defendant hospital and that the fire was the result of "negligent" patient treatment; "negligent" patient supervision and sub-standard medical care, provisions and facilities. Plaintiffs' complaint was not set-out in counts, nor were damages segregated according to cause of action. Instead, plaintiff alleged general negligence and sought "compensatory and punitive damages," damages for "great physical and mental pain and suffering, . . . permanent scarring, medical expenses, loss of life, loss of enjoyment of life, funeral expenses, and lost earnings." Plaintiffs also sought "reasonable attorney's fees and costs. . . ."

On February 8, 1989, plaintiffs dismissed the complaint without prejudice and on August 3, 1989, they filed a renewal action "individually and as next of kin . . ." of James Edward Anderson. (Plaintiff Willie Lee Anderson was not included as a party to the renewal action.) Plaintiffs sought the same damages as alleged in the original complaint, but alleged medical malpractice, negligence and wrongful death in separate counts. Defendants later answered and moved to dismiss, claiming that plaintiffs "have no cognizable right to recover for the wrongful death of James Edward Anderson, or his conscious

pain and suffering or any final expenses [and that] the applicable statute of limitations has run against the party or parties who could lawfully present such claims." More specifically, defendants argued that the wrongful death action should be dismissed because it was not prosecuted by the decedent's spouse, children or administrator; that the claims for pain and suffering, medical expenses, funeral expenses and other costs should be dismissed because it was not prosecuted by the decedent's spouse, children or administrator; that the claims for pain and suffering, medical expenses, funeral expenses and other costs should be dismissed because it was not prosecuted by the administrator of the decedent's estate and that all claims should be dismissed "[s]ince no person having the right to sue did so prior to the expiration of the [two-year statutes] of limitations. . . . Alternatively, [defendants argued that] if any of those plaintiffs who originally sued are a surviving spouse, child or parent of James Edward Anderson, having dismissed the previous action and having not brought the renewal action in the right capacity, the claim should likewise be dismissed."

In response, plaintiffs argued that "there is no requirement that they plead their capacity with any more specificity [and that they are] the real parties in interest in this case." However, plaintiffs went on and stated that if they "have failed in any manner on any cause of action to properly allege their capacity to maintain the actions, [then] the same can and should be cured by amendment [so that subsequent actions by the proper party will] not be barred by the statute of limitations." Plaintiffs subsequently amended the renewed complaint and named Wayne Mitchell and Charles McIntyre as illegitimate children of James Edward Anderson and designated Alberta Glenn "as Personal Representative of the estate of JAMES EDWARD ANDERSON. . . ."

On November 28, 1989, the trial court entered a "FINAL ORDER ON DEFENDANTS' MOTION TO DISMISS" and found, in pertinent part, that "[t]here are two allegedly illegitimate children of James Edward Anderson among the group of plaintiffs who denominated themselves as heirs and next of kin of James Edward Anderson . . .; [that there] has been no administrator appointed to the estate of James Edward Anderson . . . as of the date of this order[; that the] statute of limitations for a suit alleging personal injuries . . . ran on December 5, 1988; [that the] statute of limitations for a suit alleging wrongful death ran on January 13, 1989; [that the] right of action for personal injuries under the survival statute (OCGA section 9-2-41) can be prosecuted only by the administrator of the decedent's estate; [that the] right of action for funeral, medical and other expenses resulting from the injury and death of a deceased is in the administrator of the deceased's estate (OCGA section 51-4-5 (b)); [and that the]

right of action for wrongful death of a parent belongs to the children, if there is no surviving spouse (OCGA section 51-4-2). . . ." The trial court then "ORDERED AND ADJUDGED THAT:

"A. Any and all claims for the wrongful death of James Edward Anderson are in [Wayne] Mitchell and Charles McIntyre, his alleged illegitimate children.

"B. The plaintiffs' amendment to their renewed and recommenced complaint to reflect that this is an action by [Wayne] Mitchell, by Pauline Mitchell, his next friend, and Charles McIntyre, made prior to the entry of this pre-trial order, is hereby allowed and ordered.

"C. The plaintiffs' amendment to their renewed and recommenced complaint to change the capacity of Alberta Glenn to administrator of the estate of James Edward Anderson, deceased, to include claims for conscious pain and suffering, funeral, medical and other expenses, punitive damages, and attorneys' fees and costs, is barred by the statute of limitations, and even though made prior to the entry of this pre-trial order, is hereby disallowed and dismissed upon defendants' motion.

"D. Since the statute of limitations ran prior to the appointment of any administrator of the estate of James Edward Anderson, deceased, plaintiffs, in their individual or representative capacities, are forever barred from claims for recovery of conscious pain and suffering, funeral, medical and other expenses, punitive damages, and attorneys' fees and costs.

"E. Plaintiffs shall be given the opportunity of immediate review by the Court of Appeals of my findings of fact and conclusions of law, including my disallowance of the amended complaint to the extent that it seeks to maintain an action by an administrator seeking recovery for claims of conscious pain and suffering, funeral, medical and other expenses, punitive damages, and attorney fees and cost."

In my view, this Court granted plaintiffs' appeal to determine whether the trial court erred in failing to substitute proper parties to the various causes of action and in holding that the statutes of limitation cut off the administrator's claims for statutory damages under OCGA § 51-4-5 (b) and damages stemming from the decedent's OCGA § 9-2-41 tort claim.

"Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." OCGA § 9-11-17 (a). Under this Code subsec-

tion, defendants' OCGA § 9-11-12 (b) (6) motion to dismiss based on the prosecution of a suit by improper parties should have been "treated as a matter in abatement [and] the erring part[ies], rather than having judgment entered against [them, should have been] precluded from proceeding with the suit until the error [had been] corrected by the substitution of the proper party plaintiff[s]." *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859, 861 (344 SE2d 742).

Therefore, I would hold that the trial court erred in entering judgment for defendants based on expirations of the applicable statutes of limitation and in failing to substitute the real parties in interest to the various causes of action. More specifically, in my view, the record indicates that an administrator of the decedent's estate should have been appointed and substituted to prosecute the OCGA § 9-2-41 survival action and the OCGA § 51-4-5 (b) action for statutory damages. The record also shows Wayne Mitchell and Charles McIntyre have not been declared children of the deceased. Under the particular facts and circumstances of the case sub judice, I find that the genuine issues of material fact remain as to the real parties in interest to the wrongful death action. The trial court could have resolved this question by acting on plaintiffs' response to defendants' motion to dismiss, i.e., that "[i]f plaintiffs have failed in any manner on any cause of action to properly allege their capacity to maintain the actions, the same can and should be cured by amendment." See *Tarver v. Martin*, 175 Ga. App. 689 (1) (334 SE2d 18). Accordingly, the case sub judice should be reversed and remanded for the trial court to substitute an administrator to proceed with the OCGA § 9-2-41 survival action and the OCGA § 51-4-5 (b) action for statutory damages. The trial court should be directed to resolve the issues of whether Wayne Mitchell and Charles McIntyre are illegitimate children of the deceased and, based on its findings, substitute the real party/parties in interest to the wrongful death action as is prescribed in OCGA § 51-4-1 et seq.

I am authorized to state that Presiding Judge Deen and Presiding Judge Banke join in this dissent.

DECIDED OCTOBER 16, 1990.

*James C. Banks*, for appellants.
*William U. Norwood III*, for appellees.