## A96A1829. GORDON v. WALKER et al.
(482 SE2d 489)

ANDREWS, Chief Judge.

Minnie Mae Gordon appeals from the trial court's dismissal of Counts 3 and 4 of her complaint against MARTA and William Walker, the driver of the MARTA bus which injured her common-law husband, Fred Gordon. The trial court granted the motion to dismiss on the grounds that Counts 3 and 4, which were for medical expenses and pain and suffering, could be maintained only by the personal representative of the estate, and Mrs. Gordon was not the administrator of her husband's estate when she filed the complaint. Mrs. Gordon argues that defendants' motion to dismiss became moot when she qualified as administrator of her husband's estate. We agree and reverse the judgment of the trial court.

This case arose out of an accident which occurred on November 1, 1991, when Fred Gordon was exiting a MARTA bus driven by William Walker. Mr. Gordon died, although apparently not as a result of the accident, and Mrs. Gordon petitioned for, and on June 7, 1993, was granted, an Order from the Probate Court Declaring No Administration Necessary with regard to her husband's estate.

On November 1, 1993, Mrs. Gordon filed her original complaint, which she later dismissed on October 12, 1994, during a jury trial. Mrs. Gordon filed a renewal action on February 23, 1995. In both the original complaint and the renewal action, Mrs. Gordon filed both as Fred Gordon's wife and as the administratrix of his estate.

On November 21, 1995, Mrs. Gordon was appointed administrator of her husband's estate. On December 19, 1995, defendants MARTA and Walker filed a motion to dismiss Counts 3 and 4, contending that Mrs. Gordon had no standing to bring these claims as she was not the administrator of Fred Gordon's estate. Mrs. Gordon responded, submitting a copy of her Letters of Administration and asserting that since she was now, in fact, the administrator of her husband's estate, defendants' motion to dismiss was moot. Nevertheless, the trial court granted defendants' motion to dismiss.

This case is controlled by *Walden v. John D. Archbold Mem. Hosp.*, 197 Ga. App. 275 (398 SE2d 271) (1990), which apparently was never cited to the trial court.[1] In *Walden*, we treated the "admin-

---

[1] It appears the trial court relied on *Anderson v. Jones*, 508 FSupp. 399 (N.D. Ga. 1980),

istrator" as an "indispensable party" who should be joined if possible under OCGA § 9-11-17. The plaintiffs were the purported illegitimate children and siblings of the deceased, and no administrator was named until five months after the trial court's order dismissing the Complaint. *Walden*, supra at 277-278. However, we upheld the granting of the motion to dismiss, stating that since the administrator was not among those plaintiffs who initially brought suit, and since the proper party in interest did not exist until five months after the final order was entered, the trial court did not err in granting the motion to dismiss. Id. at 280. Three judges dissented, finding that not only was the administrator of the estate to be treated as an indispensable party under OCGA § 9-11-17 (a), but, since the real party in interest did not exist at the time of the motion to dismiss, the court should have appointed an administrator and substituted him or her to prosecute the claims under OCGA § 9-2-41.

Here, at the time defendants' brought their motion to dismiss, Mrs. Gordon had already been named administrator of her husband's estate. Therefore, at that point, the action was being prosecuted by the real party in interest. Accordingly, we find the trial court erred in dismissing Counts 3 and 4 of Mrs. Gordon's complaint.

*Judgment reversed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 26, 1997.

*Alvin L. Kendall*, for appellant.
*Mary L. Davis*, for appellees.

---

which was argued in defendants' motion to dismiss as authority for the proposition that Mrs. Gordon's claims should be dismissed. While a federal trial or intermediate court case can be persuasive authority, *Head v. State*, 253 Ga. 429, 430 (322 SE2d 228) (1984), *Anderson* came out ten years before *Walden* and is distinguishable in that it appears the complaint in that case showed a lack of standing on its face because the plaintiff never brought the action in the name of the administrator.