## A08A1996. NICHOLSON et al. v. SHAFE et al.
(669 SE2d 474)

BLACKBURN, Presiding Judge.

In this action for an accounting, plaintiffs Jeanette Nicholson and her company (Career Assessment Atlanta, Inc.) appeal the jury verdict rendered in favor of the defendants James Shafe and his companies (Career Training Concepts, Inc. and Sales and Management Training Institute of Atlanta). Pointing to an earlier federal copyright infringement decision that ruled in part that the parties had produced a joint work, Nicholson and her company complain that the trial court erred in failing to apply the doctrine of collateral estoppel so as to conclude as a matter of law that Nicholson and her company were entitled to 50 percent of the profits that Shafe and his companies received from the joint work. We hold that because the federal ruling was not essential to the outcome of that case, it had no collateral estoppel effect in the present case for an accounting; therefore, we affirm.

The critical facts are undisputed. During the 1990s, Nicholson developed an "Interest Inventory" section to assist Shafe in creating a larger career training publication that came to be known and sold by Shafe as "Future Focus." In 2003, Nicholson sued Shafe in federal court for copyright infringement, alleging that Shafe had infringed on her copyright to the "Interest Inventory." Shafe defended on two grounds: (i) Nicholson's "Interest Inventory" contribution to "Future Focus" was under a "work made for hire" arrangement, in which Nicholson was fully compensated for her work and which therefore entitled Shafe to all the rights comprised in the copyright on "Future Focus" (see 17 USCS § 201 (b)); and (ii) at most, "Future Focus" was a joint work, meaning that Shafe was at least a co-owner of the copyright in the work and as such could not be liable for copyright infringement. See 17 USCS § 201 (a). See also *Weissmann v. Freeman*[1] ("an action for infringement between joint owners will not lie because an individual cannot infringe his own copyright"). Shafe moved for summary judgment on these grounds.

In granting Shafe's motion for summary judgment in an unpublished decision, the federal court relied on the second ground,

---

[1] *Weissmann v. Freeman*, 868 F2d 1313, 1318 (I) (2d Cir. 1989).

holding that Future Focus was "a joint work." Accordingly, the court reasoned that because the Shafe defendants in that action had "a copyright interest in a portion of the work and were exercising their authority to exploit the work, Plaintiffs may not bring a copyright infringement action against Defendants."

Within months, Nicholson and her company brought the present suit against Shafe in a state court, alleging that the federal ruling established that "Future Focus" was a joint work as a matter of law and that therefore the state court should simply determine what profits arose from "Future Focus" and award 50 percent to Nicholson and her company. See *Papa's-June Music, Inc. v. McLean*[2] ("[t]he Copyright Act presumes that the authors of a joint work are each entitled to an equal undivided interest in the copyright"). Nicholson and her company sought an accounting under state law and also asserted other related state claims.

The state trial court ruled that collateral estoppel did not require it to conclude as a matter of law that Nicholson was joint owner of the publication and that she was entitled to 50 percent of the profits therefrom. Specifically, the trial court determined that the ruling that Nicholson owned a portion of the publication was dicta and was unnecessary to the federal court's dispositive conclusion that Shafe owned at least a portion of the copyright and therefore could not be held liable for infringing on that copyright. The court allowed the matter to go to a jury as to what ownership rights Nicholson had in the publication and as to any alleged compensation due.

During the jury trial, Shafe attempted to show that Nicholson was fully compensated for her work and had no ownership rights. The jury rendered a verdict in Shafe's favor on all claims.

1. On appeal, Nicholson argues that collateral estoppel required the state trial court to rule as a matter of law that Nicholson had an undivided ownership interest in the publication with Shafe and should therefore have received 50 percent of the profits therefrom. Specifically, Nicholson contends that the federal court's holding "that Future Focus is a joint work" was binding on Shafe and therefore on the state trial court under the doctrine of collateral estoppel.[3]

---

[2] *Papa's-June Music, Inc. v. McLean*, 921 FSupp. 1154, 1157 (I) (S.D. N.Y. 1996).

[3] Nicholson does not argue that the doctrine of res judicata applies, nor could she, as res judicata applies only where the causes of action in the two suits are identical. *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 427 (2) (383 SE2d 123) (1989). Here, the cause of action in the federal suit was for copyright infringement, whereas the cause of action in the state suit was for an accounting.

Accordingly, the key issue in this case is the application of the doctrine of collateral estoppel. "When a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Punctuation omitted.) *Clayton County Bd. of Tax Assessors v. City of Atlanta*.[4]

"In order to successfully plead collateral estoppel . . . , one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision." (Citation omitted.) *Boozer v. Higdon*.[5] With regard to the first factor, Nicholson argues that the issue of joint authorship and ownership was actually litigated and decided by the federal court,[6] whereas Shafe argues that the federal court only decided that "at most" Nicholson was a joint author and owner.[7] For purposes of our decision, we need not address this factor, for even assuming in Nicholson's favor that the federal court actually decided that she was a joint author and owner of the publication, we hold that this ruling was not necessary to the federal decision and therefore did not trigger the application of collateral estoppel in the state case.

With regard to the second factor, the Supreme Court of Georgia has emphasized that for collateral estoppel to apply, it is an absolute requirement that the ruling in question was necessary to the outcome of the prior judgment. *Kent v. Kent*[8] expressly rejected the argument that the prior ruling need not have been essential to the judgment. Citing Section 27 of the Restatement of Judgments (Second) with approval, *Kent*, id., specifically referred to comment h of that Restatement Section, which comment reads:

> If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and

---

[4] *Clayton County Bd. of Tax Assessors v. City of Atlanta*, 286 Ga. App. 193, 194 (648 SE2d 701) (2007).

[5] *Boozer v. Higdon*, 252 Ga. 276, 278 (1) (313 SE2d 100) (1984).

[6] Indeed, to emphasize her point, Nicholson cites to a prior decision of this Court, in which we characterized this federal decision as having found that "Future Focus was a joint work, co-owned by [Shafe and his companies] and Nicholson." *Shafe v. American States Ins. Co.*, 288 Ga. App. 315, 319-320 (653 SE2d 870) (2007).

[7] Shafe attaches to his appellate brief a later decision (also unpublished) of the same federal court, in which the court, noting that the prior summary judgment order had construed all inferences in favor of Nicholson, expressly disclaimed any intent to have definitively decided that Nicholson was a joint author and owner in that order. However, we do not consider this later decision in our opinion here, as attachments that are not a part of the appellate record certified by the trial court clerk are not properly before this Court. See Court of Appeals Rule 24 (g). See also *Blair v. Bishop*, 290 Ga. App. 721, 724 (1) (a), n. 4 (660 SE2d 35) (2008).

[8] *Kent v. Kent*, 265 Ga. 211, 211-212 (1), n. 2 (452 SE2d 764) (1995).

> may not ordinarily be the subject of an appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.

Restatement of Judgments, Second, § 27, comment h. See *Parklane Hosiery Co. v. Shore*[9] ("[u]nder the doctrine of collateral estoppel, . . . the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action"). See also *Shafe*, supra, 288 Ga. App. at 319 (same).

Based on this requirement, *Black Island Homeowners Assn. v. Marra*[10] held that a prior judgment entered in favor of a homeowners association (on the ground that the claims were barred by the statute of limitation) did not have any collateral estoppel effect in a subsequent lawsuit between the same parties. Even though that prior judgment had expressly determined that certain mowing activity of the homeowners association had violated the restrictive covenants of a neighborhood, that first court "did not need to reach the merits of the owners' initial mowing claim in order to find that claim barred by the statute of limitation"; collateral estoppel therefore did not apply to this portion of the ruling as this portion was not essential to the court's decision. Id. at 563 (2). See *Gomez v. Peters*[11] ("collateral estoppel applies *only* to determinations which were *essential* to the [prior] judgment") (emphasis in original).

Here, the essence of the prior federal court decision was that an entity that is an owner, even if only in part, of a copyright, is entitled to exploit that copyright and cannot infringe that copyright. See *Weissmann*, supra, 868 F2d at 1318 (I) ("an action for infringement between joint owners will not lie because an individual cannot infringe his own copyright"). The entity may be liable for not sharing the profits of that copyright with other alleged joint owners, but as an owner or part-owner it cannot infringe that copyright. See *Cambridge Literary Properties v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*[12] Accordingly, the federal court entered summary judgment in favor of Shafe and his companies on the copyright infringement

---

[9] *Parklane Hosiery Co. v. Shore*, 439 U. S. 322, 326 (I) (A), n. 5 (99 SC 645, 58 LE2d 552) (1979).

[10] *Black Island Homeowners Assn. v. Marra*, 263 Ga. App. 559, 562-563 (2) (588 SE2d 250) (2003).

[11] *Gomez v. Peters*, 221 Ga. App. 57, 59 (2) (a) (470 SE2d 692) (1996) (physical precedent only).

[12] *Cambridge Literary Properties v. W. Goebel Porzellanfabrik G.m.b.H. & Co.*, 510 F3d 77, 98 (II) (A) (3) (1st Cir. 2007) (Cyr, S. C. J., dissenting).

claim where it was undisputed that they owned at least a portion of that copyright. The ruling that Future Focus was a joint work (with Nicholson as a co-owner) was not essential to the summary judgment outcome of the case, as all the court needed to find was that Shafe and his companies owned a portion of the copyright and publication.

The trial court did not err in refusing to apply the doctrine of collateral estoppel to the prior ruling.

2. Shafe and his companies have moved this Court for leave to file a supplemental brief. That motion is moot. Also, Shafe and his companies have moved this Court to impose a penalty for a frivolous appeal under Court of Appeals Rule 15 (b). We hereby decline to impose such a penalty.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

### DECIDED NOVEMBER 10, 2008.

*Myers & Kaplan, Barry E. Kaplan, Robert M. Ward,* for appellants.

*Hall, Booth, Smith & Slover, Roger S. Sumrall, Sean L. Gill, Hill, Kertscher & Wharton, Blakely H. Frye,* for appellees.