A09A1525. LAIDLAW TRANSIT SERVICES, INC. v. YOUNG.
(683 SE2d 872)

JOHNSON, Presiding Judge.
Venus Young, as next friend of Romona Young, a disabled adult, filed suit against Laidlaw Transit Services, Inc. and Calvin D.

---

Williams, claiming that Williams, who was employed by Laidlaw as a bus driver, assaulted Romona Young in a church parking lot after transporting her on the bus. The trial court granted Laidlaw's motion for judgment on the pleadings on Young's respondeat superior claim, and it later granted Laidlaw's motion for summary judgment on Young's claims for negligent hiring, training, supervision, and retention, finding "no genuine issues of material fact with regard to whether any negligent conduct on the part of Laidlaw proximately caused any injury to Romona Young." Subsequently, however, the trial court denied Laidlaw's motion for summary judgment on Young's "absolute liability" claim. We granted Laidlaw's application for interlocutory appeal, and we now reverse.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

Here, it is undisputed that Laidlaw was a common carrier of passengers, and Young presented evidence that Romona Young was assaulted by a Laidlaw employee who transported her on a Laidlaw bus. The details of precisely where and how the assault occurred are not presented in Young's complaint, but, given that Young has not appealed the trial court's rulings on her respondeat superior and negligence claims, we need not consider whether Williams was subject to the immediate direction and control of Laidlaw when the assault allegedly occurred or what, if anything, Laidlaw did or failed to do that proximately caused the alleged assault. Instead, the sole issue before this Court is whether the trial court erred in denying Laidlaw's motion for summary judgment on Young's claim that it could be held absolutely liable for the injuries allegedly incurred by Romona Young.

While the trial court found no evidence of negligence on the part of Laidlaw resulting in Romona Young's alleged injuries, it found "genuine issues of material fact with regard to whether [Laidlaw] is liable under a theory [of] strict or absolute liability." Under Georgia law, however, "a common carrier of passengers is not an absolute and unqualified insurer of the safety of its passengers."[2] Instead, "[a]

---

[1] *Grizzle v. Norsworthy*, 292 Ga. App. 303, 303-304 (664 SE2d 296) (2008).

[2] *Mattox v. MARTA*, 200 Ga. App. 697 (1) (409 SE2d 267) (1991); see also *Southeastern*

carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers *but is not liable for injuries to them after having used such diligence*."[3] We note that the "extraordinary diligence" standard for common carriers of passengers, while a stricter standard than ordinary negligence, is not as strict as the standard for common carriers of goods, as provided in OCGA § 46-9-1, which provides that "in cases of loss[,] the presumption is against [the carrier], and no excuse avails [the carrier] unless the loss was occasioned by the act of God or the public enemies of the state."

Despite the language of OCGA § 46-9-132 providing a standard of "extraordinary diligence" for common carriers of passengers, the trial court found that a common carrier could be found absolutely liable to its passenger, without regard to its diligence, based on this Court's decision in *Bricks v. Metro Ambulance Service*.[4] However, one of the judges on the panel deciding *Bricks* concurred in the judgment only. As a result, it is physical precedent only, and we are not bound to follow it.[5] Moreover, *Bricks* concerned the alleged theft of a diamond ring, not an injury sustained by a passenger, and it was this distinction that caused the Court to apply a standard of liability closer to OCGA § 46-9-1 rather than OCGA § 46-9-132.[6]

Because Georgia law provides that a common carrier of passengers is not liable as an insurer of its passengers' safety, the trial court erred in finding that Laidlaw could be found liable on a claim of "strict or absolute liability" for the injuries allegedly sustained by Romona Young. We therefore reverse the trial court's ruling denying Laidlaw's motion for summary judgment on such claim.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED AUGUST 20, 2009 

*Inglesby, Falligant, Horne, Courington & Chisholm, Susannah R. Pedigo*, for appellant.

*Savage, Turner, Pinson & Karsman, Robert B. Turner, Ashleigh R. Madison, Hawkins & Parnell, Warner S. Fox, Lester B. Johnson III*, for appellee.

---

*Stages v. Stringer*, 263 Ga. 641 (437 SE2d 315) (1993).

[3] (Emphasis supplied.) OCGA § 46-9-132.

[4] 177 Ga. App. 62, 67 (1) (338 SE2d 438) (1985).

[5] Court of Appeals Rule 33 (a).

[6] *Bricks*, supra.