## A10A0641. JOHNSTON v. CRESCENT BANK AND TRUST COMPANY.

(695 SE2d 305)

JOHNSON, Judge.

Clyde L. Johnston sued Crescent Bank and Trust Company, claiming in part that Crescent had lost its first priority security interest on certain property on which he maintained a separate security interest. Johnston now appeals the trial court's grant of summary judgment in favor of Crescent and its denial of his motion for summary judgment. We find no error, however, and affirm.

On appeal from a grant of summary judgment, a de novo standard of review applies, and we must view the evidence in the light most favorable to the non-moving party.[1] In addition, we will affirm a grant of summary judgment if it is right for any reason.[2]

Here, the record shows that on October 22, 2003, Crescent filed and recorded a deed to secure debt on certain property located in

---

[1] *Serchion v. Capstone Partners*, 298 Ga. App. 73, 74 (679 SE2d 40) (2009).
[2] *Abellera v. Williamson*, 274 Ga. 324, 326 (2) (553 SE2d 806) (2001).

Cartersville and owned by Kenneth Ruff. The deed to secure debt described the property as

> [a]ll that tract or parcel of land lying and being in Land Lot 557 of the 4th district, 3rd Section of Bartow County, Georgia and being more particularly described on the attached Exhibit "A." The property is located . . . at 101 Woodland Drive, Cartersville, Georgia 30120.

However, when Crescent recorded the deed to secure debt, it failed to include the metes and bounds description of the property that was referenced as "Exhibit 'A' " in the property description.

On May 6, 2005, Johnston filed and recorded a security deed on the same property in order to secure a debt of $30,000 owed to him by the Ruffs. Subsequently, the Ruffs later borrowed an additional $5,000 from Johnston, and Crescent filed and recorded the metes and bounds description of the secured property that was omitted in its original security deed.

After the Ruffs failed to make required payments on their debt to Crescent, Crescent sent them a foreclosure notice on June 24, 2008. In response, Johnston filed suit against Crescent, claiming that it lost its first priority security interest in the property as a result of its initial failure to sufficiently describe the property in the security deed. A foreclosure sale was scheduled for August 5, 2008, and Johnston filed a motion for a temporary restraining order to prevent the foreclosure. However, on August 4, 2008, prior to the scheduled foreclosure, the Ruffs sold the property to Thomas Jerry Ruff for $125,000.

At the closing of the sale, Johnston received payment in the amount of approximately $38,000, which included principal and interest under both the $30,000 secured loan and the additional loan of $5,000. Johnston executed a quitclaim deed releasing the property from the deed to secure debt, and he voluntarily dismissed his motion for a temporary restraining order.

1. Johnston first claims that the trial court erred in dismissing his motion for a temporary restraining order. As previously mentioned, however, Johnston voluntarily dismissed that motion. While Johnston asserts in his brief that he knew that the trial court was not planning to grant the motion based upon a statement made to him by the trial judge's secretary, the burden is on the party claiming error to show it affirmatively by the record.[3] Because Johnston has failed to establish that the trial court considered and ruled upon his

---

[3] See *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392 (1) (469 SE2d 469) (1996).

194

motion for a temporary restraining order, we will not address it.[4]

2. Johnston also claims that the trial court erred in granting summary judgment in favor of Crescent, and in denying his motion for summary judgment, because the deed to secure debt recorded by Crescent on October 22, 2003, failed to sufficiently describe the secured property.

We first note that the sufficiency of a description of secured property is a question of law, and that "[i]t is only when a description is manifestly too meager, imperfect, or uncertain to serve as adequate means of identification that the court can adjudge the description insufficient as a matter of law."[5] Here, however, we need not consider whether the description of the property contained in Crescent's security deed was sufficient because, as Crescent alleged in its motion for summary judgment, Johnston has failed to introduce any evidence showing that he was damaged by the allegedly insufficient description.

While Johnston claims to have suffered mental anguish and to have been subjected to unspecified medical expenses, those claims related to Crescent's alleged conduct *after* filing the security deed, which served as the basis of Johnston's claims for intentional infliction of emotional distress, medical expenses, and punitive damages. Johnston has not appealed the trial court's grant of summary judgment to Crescent on those claims, and we will not consider them.[6]

Crescent has presented evidence that Johnston received payment of $38,000 following the sale of the property, that such amount included principal and interest due under the secured debt, that such amount also included amounts due under an additional loan that was not secured by the property, and that Johnston acknowledged in a quitclaim deed that the secured debt had been satisfied.

> Although on motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party, when the moving party makes a prima facie showing that it is entitled to judgment as a matter of law, the opposing party must come forward with rebuttal evidence or suffer judgment against him.[7]

---

[4] See *McMillian v. Rogers*, 223 Ga. App. 699, 701 (1) (b) (479 SE2d 7) (1996).

[5] (Citation and punctuation omitted.) *Deljoo v. SunTrust Mtg.*, 284 Ga. 438, 440 (668 SE2d 245) (2008).

[6] See *Laidlaw Transit Svcs. v. Young*, 299 Ga. App. 785, 786 (683 SE2d 872) (2009).

[7] (Punctuation and footnotes omitted.) *Ferdinand v. City of East Point*, 301 Ga. App. 333, 338 (3) (687 SE2d 617) (2009).

Even if Crescent lost its first-priority security interest as a result of insufficiently describing the property, Johnston's claim fails as a matter of law because he has not introduced any rebuttal evidence that he was damaged as a result. Therefore, the trial court did not err in granting summary judgment to Crescent and in denying Johnston's motion for summary judgment.[8]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED APRIL 23, 2010 —
RECONSIDERATION DENIED MAY 26, 2010.

Clyde L. Johnston, *pro se.*

*Thompson, O'Brien, Kemp & Nasuti, Lisa A. Frank*, for appellee.

---

[8] See *Crawford v. Dammann*, 277 Ga. App. 442, 447 (1) (b) (626 SE2d 632) (2006).