A10A0588. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. MALOOF.

(698 SE2d 1)

MIKELL, Judge.

Stephen Gerard Maloof, as administrator of the estate of his aunt, Lorraine Maloof, filed this wrongful death action against the Metropolitan Atlanta Rapid Transit Authority ("MARTA"). MARTA moved for summary judgment, contending that the two-year statute of limitation governing the wrongful death claim had expired. The trial court denied MARTA's motion for summary judgment, finding that OCGA § 9-3-92 tolled the statute of limitation. We granted

---

MARTA's application for interlocutory appeal, and now reverse.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that on April 13, 2005, Lorraine Maloof was riding in a MARTA para-transit van when it collided with a vehicle driven by William Cleveland. Lorraine fell out of her wheelchair and injured her knee. She died on August 23, 2005, allegedly as a result of her injuries. Maloof filed a wrongful death action on August 23, 2007, against MARTA and Cleveland. In the complaint, Maloof described himself as "the nephew of Lorraine Maloof, and her statutory next of kin."[2] MARTA moved to dismiss the complaint on the ground that Maloof lacked standing to sue for his aunt's wrongful death. The trial court granted the motion, finding that OCGA § 51-4-2 (a) "does not encompass the maintenance of a wrongful death action by a [nephew]," but noted, however, that under OCGA § 51-4-5 (a), the administrator of Lorraine's estate would be authorized to bring such an action on behalf of her next of kin.

The estate remained without an administrator until March 2008, when Maloof was appointed to the position.[3] Two months later, on May 15, 2008, Maloof refiled the wrongful death action in his capacity as administrator. MARTA subsequently moved for summary judgment, asserting that the two-year statute of limitation governing the action had expired. Maloof argued that under OCGA § 9-3-92, the limitation period was tolled until March 2008, when he became administrator of the estate. The trial court agreed and denied MARTA's motion, finding that "the wrongful death action belongs to the estate, and that OCGA § [9-3-92] therefore applied to toll the running of the statute of [limitation] until such time as an administrator could be appointed to bring the cause of action."

MARTA contends that the trial court erred in denying its motion for summary judgment on Maloof's wrongful death action, arguing

---

[1] (Footnote omitted.) *Laidlaw Transit Svcs. v. Young*, 299 Ga. App. 785, 786 (683 SE2d 872) (2009).

[2] Lorraine had no surviving spouse, children, or parents.

[3] As noted above, Lorraine died on August 23, 2005. Maloof did not petition the probate court for letters of administration until December 7, 2007.

that the two-year statute of limitation prescribed in OCGA § 9-3-33[4] was not tolled by OCGA § 9-3-92, which applies to estate claims, not claims brought on behalf of the next of kin. We agree.

OCGA § 51-4-2 (a) provides that "[t]he surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent." OCGA § 51-4-5 (a) provides in turn that "[w]hen there is no person entitled to bring an action for . . . wrongful death . . . under OCGA § 51-4-2 . . . , the administrator or executor of the decedent may bring an action for . . . the next of kin." Such is the case here. Since Lorraine had no surviving spouse, children, or parents at the time of her death, Maloof, as administrator of her estate, was authorized to assert this wrongful death action on behalf of Lorraine's next of kin. The action, however, was filed almost nine months after the two-year statute of limitation had expired. Accordingly, we must determine whether OCGA § 9-3-92 tolled the time for filing this action.

OCGA § 9-3-92 provides:

> The time between the death of a person and the commencement of representation upon his estate or between the termination of one administration and the commencement of another shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. At the expiration of the five years the limitation shall commence, even if the cause of action accrued after the person's death.

An individual's claim for wrongful death of a spouse or child and an estate's claim for a decedent's pain and suffering are distinct causes of action.[5] The disbursement of proceeds from such actions is in keeping with this rule: While damages recovered by the personal representative for pain and suffering are paid directly to the estate, the proceeds of a wrongful death action do not become part of the decedent's estate.[6]

Seventy-five years ago, in *Patellis*,[7] this Court held that the

---

[4] "Actions for injuries to the person shall be brought within two years after the right of action accrues." OCGA § 9-3-33; see also *Kitchens v. Brusman*, 280 Ga. App. 163, 164 (1) (633 SE2d 585) (2006) ("[a]n action for wrongful death must be brought within two years, but it 'accrues' to the heirs at death") (citations and punctuation omitted).

[5] See *Complete Auto Transit v. Floyd*, 214 Ga. 232, 235 (2) (104 SE2d 208) (1958); *Smith v. Mem. Med. Center*, 208 Ga. App. 26, 27 (1) (430 SE2d 57) (1993).

[6] See *Patellis v. King*, 52 Ga. App. 118, 125-126 (2) (182 SE 808) (1935). See also 1 Mary F. Radford, Redfearn Wills and Administration in Ga., § 2:11 (7th ed.).

[7] Supra.

YALE LAW LIBRARY

estate tolling provision, which is intended to benefit the estate, applies only when the estate has an actual interest in the suit or claim.[8] Claims that do not belong to the estate fall outside of OCGA § 9-3-92, because, as we explained in *Patellis*, a wrongful death action brought "by an administrator is not brought by him as such, but his name and office are merely lent to the beneficiary for the purpose of enforcing the individual rights of the beneficiary, and not for the purpose of recovering a claim owing to the estate."[9] Accordingly, this Court held:

> [T]he provisions of [OCGA § 9-3-92], as to the tolling of the statute, that "the time between the death of a person and representation taken upon his estate . . . shall not be counted *against his estate*," does not and cannot have application to a case where his "*estate*" is in no wise interested or concerned. The tolling statute having been established for the benefit of the estate, as expressed by its own plain terms, and the estate having no interest or concern in litigation such as the instant suit, the provisions of this statute cannot properly be invoked in favor of an individual entitled to sue in the name of the administrator, and the case stands just as if the tolling statute did not exist.[10]

Our holding in *Patellis* applies to this case. Because Lorraine's estate "[has] no interest or concern in [the] litigation,"[11] the tolling provision in OCGA § 9-3-92 does not apply and cannot save the instant claim from the two-year statute of limitation.[12] The trial court erred in ruling otherwise and in denying MARTA's motion for summary judgment on Maloof's wrongful death claim.

Relying on *Clark v. Singer*[13] and *Shessel v. Stroup*,[14] Maloof challenges as unconstitutional this Court's holding in *Patellis* that OCGA § 9-3-92 does not apply to wrongful death claims. Maloof

---

[8] Id. at 126.

[9] Id.

[10] (Emphasis in original.) Id.

[11] Id.

[12] See *Bryant v. Browning*, 259 Ga. App. 467, 468 (1), n. 1 (576 SE2d 925) (2003) (OCGA § 9-3-92 does not toll the statute of limitation in a wrongful death action because the right of action is vested in the administrator for the benefit of the next of kin); *Deloach v. Emergency Med. Group*, 155 Ga. App. 866, 868 (2) (274 SE2d 38) (1980) (same), disapproved on other grounds as noted in *Walden v. John D. Archbold Mem. Hosp.*, 197 Ga. App. 275, 277 (2) (398 SE2d 271) (1990); *Childers v. Tauber*, 160 Ga. App. 713, 715-716 (2) (288 SE2d 5) (1981).

[13] 250 Ga. 470 (298 SE2d 484) (1983).

[14] 253 Ga. 56 (316 SE2d 155) (1984).

argues that the rule stated in *Patellis* is unconstitutional because it treats differently individuals like Lorraine who died without immediate heirs. To the extent we are able to follow Maloof's argument, we find it without merit. As MARTA correctly points out, the default provision of OCGA § 51-4-5 (a) specifically contemplates a situation where an individual dies without immediate heirs, by allowing the decedent's administrator or executor to bring a wrongful death action on behalf of the next of kin. And, pursuant to OCGA § 9-3-33, both classes of individuals — immediate heirs and administrators — are subject to the two-year statute of limitation applicable to wrongful death claims.

*Clark*[15] and *Shessel*[16] are inapplicable. In *Clark*, our Supreme Court held that application of the medical malpractice statute of limitation, OCGA § 9-3-71,[17] to medical malpractice wrongful death actions was unconstitutional because it created "two classes of wrongful death claimants in medical malpractice actions: (1) those whose spouse, child or parent died within two years of the negligent or wrongful act or omission, and (2) those whose spouse, child or parent died more than two years after the negligent or wrongful act or omission."[18] The first group was allowed to bring an action against the defendant, while the second group was barred by the statute of limitation before death occurred, i.e., before their wrongful death cause of action even accrued.[19]

Maloof contends that *Patellis*'s construction of OCGA § 9-3-92 would lead to a similarly unfair result: "The wrongful death claim of a person who has a spouse or child or parent can be filed immediately upon death and for [two] years thereafter. There is a definite [two] year window. In the case of someone who was the beloved sister or aunt, such as Lorraine, there is no window at all." This is untrue. Here, regardless of whether the claim is brought by a parent, child or spouse, or by an administrator on behalf of the next of kin, a claim for wrongful death can be maintained within two years of the date of death. And the fact that an administrator must be appointed prior to an action being filed does not render the wrongful death limitation

---

[15] Supra.

[16] Supra.

[17] Until its amendment in 1985, OCGA § 9-3-71 "[provided] a time bar of medical malpractice actions in the following language: '. . . an action for medical malpractice shall be brought within two years after the date on which the negligent or wrongful act occurred.' " Id. After its amendment in 1985, OCGA § 9-3-71 provides, in relevant part, that "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." OCGA § 9-3-71 (a).

[18] *Clark*, supra at 471. See also *Shessel*, supra at 58-59 (OCGA § 9-3-71 unconstitutional as applied to personal injury claims in which injury occurs more than two years after the negligent or wrongful act or omission occurred).

[19] *Clark*, supra at 471-472.

scheme unconstitutional as applied to a decedent without immediate heirs; the date of death still controls. We fail to see how *Patellis*'s construction of OCGA § 9-3-92 creates two classes of claimants or treats similarly-situated individuals differently; a two-year window exists, irrespective of whether the wrongful death suit is filed by a spouse, a child, a parent, or an administrator on behalf of the decedent's next of kin.[20]

Maloof lastly contends that even if OCGA § 9-3-92 does not apply, MARTA is not entitled to summary judgment because the trial court decided when it dismissed his initial suit that he could rely on the tolling provision. According to Maloof, this prior ruling acts as collateral estoppel in this case.

Pursuant to OCGA § 9-12-40, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

> Collateral estoppel, or issue preclusion, precludes the re-litigation of an issue that was previously litigated and decided on the merits in another action between the same parties or their privies. Unlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim.[21]

"In order to successfully plead collateral estoppel, one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision."[22]

In this case, the trial court granted MARTA's motion to dismiss the initial wrongful death action because Maloof did not have standing to assert such claims as Lorraine's nephew. The trial court acknowledged Maloof's request to substitute the proper party, but noted that at that time, an administrator did not exist and Maloof had waited over two years from Lorraine's death to file his petition

---

[20] We realize that all statutes of limitation create two classes of claimants, those whose claims are filed within the statute and those whose claims are filed beyond the statute. But the courts of no jurisdiction have held statutes of limitation to be unconstitutional on that basis.

[21] (Punctuation and footnote omitted.) *Ruth v. Herrmann*, 291 Ga. App. 399, 400 (1) (662 SE2d 726) (2008).

[22] (Citation, punctuation and footnote omitted.) *Nicholson v. Shafe*, 294 Ga. App. 478, 480 (1) (669 SE2d 474) (2008).

for letters of administration. In the final paragraph of its order, the trial court observed, however, that Maloof

> is not without remedy. As he has pointed out, OCGA § 9-3-92 tolls the [statute] of limitation for five years for the bringing of causes of action to allow for the appointment of a representative of a decedent's estate. If Mr. Maloof has in fact petitioned for letters of administration, then he will have time after being appointed to represent [Lorraine's] Estate to bring these claims.

Contrary to Maloof's contention, the trial court's observation in the initial action does not trigger the application of collateral estoppel in this case.

> If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded. Such determinations have the characteristics of dicta, and may not ordinarily be the subject of an appeal by the party against whom they were made. In these circumstances, the interest in providing an opportunity for a considered determination, which if adverse may be the subject of an appeal, outweighs the interest in avoiding the burden of relitigation.[23]

The trial court's reference to OCGA § 9-3-92 in its order in the initial action is precisely the situation contemplated by the Restatement: A ruling on this Code section was not essential to the order dismissing the initial action for lack of standing;[24] the parties did not have an opportunity to fully argue the issue of application of OCGA § 9-3-92; and the trial court's observation clearly did not constitute "a considered determination" of the issue. The statement was dicta, and MARTA could not have been expected to appeal that portion of the trial court's order. It follows that MARTA is not collaterally estopped from raising the issue in this action.

The trial court's ruling denying MARTA's motion for summary judgment is reversed and the case remanded with direction that the trial court enter judgment in favor of MARTA as to Maloof's wrongful death claim.

*Judgment reversed and case remanded with direction. Smith, P. J., and Adams, J., concur.*

---

[23] Restatement Second of Judgments, § 27, comment h.

[24] See, e.g., *Nicholson,* supra at 482 (1).

DECIDED MAY 5, 2010 —
RECONSIDERATION DENIED JULY 7, 2010 — 

*Thomas, Kennedy, Sampson & Tompkins, Thomas G. Sampson II, Akua D. Coppock, Tiffany C. Sellers*, for appellant.
*Joseph H. King, Jr.*, for appellee.