**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**February 24, 2015**

# In the Court of Appeals of Georgia

A14A2233. MALOOF v. METROPOLITAN ATLANTA RAPID
 TRANSIT AUTHORITY.

RAY, Judge.

Stephen Gerard Maloof, as administrator of Lorraine Maloof's estate, (the "Estate"), sued Metropolitan Atlanta Rapid Transit Authority ("MARTA") for injuries sustained by Lorraine while she was riding as a wheelchair bound-passenger on a MARTA para-transit van that collided with another vehicle. MARTA filed a motion for summary judgment as to the Estate's remaining claims for negligence in failing to properly secure her wheelchair and failure to maintain a lane,[1] which the trial court granted. The Estate appeals from this order. For the following reasons, we

---

[1] In *MARTA v. Maloof*, 304 Ga. App. 824 (698 SE2d 1) (2010), this Court reversed, upon interlocutory appeal, the trial court's denial of MARTA's motion for summary judgment on Maloof's claims for wrongful death.

affirm the trial court's grant of summary judgment as it relates to claims of MARTA's negligence for failing to properly secure Lorraine's wheelchair, we vacate the trial court's grant of summary judgment as it relates to claims of MARTA's negligence for failure to maintain a lane, and we remand the case to the trial court for further proceedings.

"On appeal from the trial court's grant of summary judgment, we conduct a de novo review of the record to determine whether the evidence, viewed in the light most favorable to the nonmoving party, demonstrates a genuine issue of material fact." (Citation and punctuation omitted.) *Bennett v. MARTA*, 316 Ga. App. 565, 566 (730 SE2d 52) (2012). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party demonstrates that it is entitled to judgment as a matter of law. Id.

The record shows that on April 13, 2005, Lorraine was a passenger on a MARTA para-transit van. After Lorraine got on the bus, she backed her powered wheelchair into position on the van, and the driver secured the wheelchair to the floor in four places and placed a lap belt on her. On the day of the accident, Lorraine refused to wear the shoulder harness. Lorraine had ridden the van at least a "couple

2

dozen" times before and always declined use of the shoulder harness. Once Lorraine was secured, the van continued along its normal route.

As the van began traveling west on Ponce de Leon Avenue, William Cleveland's vehicle was also traveling west in the lane to the left of the MARTA van, closest to oncoming traffic. The MARTA van slowed down to make a wide right turn onto Piedmont Avenue and, in doing so, veered into the other west bound lane. As the MARTA van turned, Cleveland's right mirror struck and broke the left mirror of the MARTA van. The impact simply pushed Cleveland's vehicle's mirror inward, but did not damage it. Anticipating the impact, the MARTA van's driver stepped on the brakes, and Lorraine fell to the ground and fractured her leg. The wheelchair remained secured to the floor of the van. Police were summoned to the scene, and neither driver was issued a citation as a result of the incident. Lorraine was treated for her injuries and was immobile for several months before passing away on August 23, 2005.

As a result of Lorraine's injuries, the Estate filed suit against MARTA alleging that "MARTA's van driver was negligent in failing to secure the wheelchair properly and in failing to maintain her lane." The Estate appeals from the trial court's grant of summary judgment to MARTA.

1. The Estate contends that the trial court erred in failing to give evidentiary weight to the transcribed and recorded, but unsworn, statement given by Lorraine (the "Statement") to an insurance agent acting on behalf of MARTA after the accident on the grounds that it constituted hearsay. Lorraine's Statement was provided to the Estate by MARTA in its response to a request for production of documents, and the Estate relied upon the statement in its response brief to MARTA's motion for summary judgment. MARTA objected to the admission of the Statement as hearsay, and the trial court agreed.

"Admissibility of evidence on motion for summary judgment is governed by the rules relating to form and admissibility of evidence generally." (Punctuation and footnote omitted.) *Capital City Developers, LLC v. Bank of N. Ga.*, 316 Ga. App. 624, 625-626 (1) (730 SE2d 99) (2012). This Court will not disturb a trial court's ruling on whether to admit evidence as an exception to the hearsay rule absence an abuse of discretion. Id.

For the first time on appeal, and without providing substantive argument or citations to the record, the Estate contends that Lorraine's Statement is subject to

several exceptions from the hearsay rule under Georgia's new Evidence Code.[2] We examine each in turn.

(a) *Then existing mental, emotional, or physical condition.* OCGA 24-8-803 (3) provides an exception from the hearsay rule for statements "of the declarant's then existing state of mind, emotion, sensation, or physical condition. . . but not including a statement of memory or belief to prove the fact remembered or believed[.]" However, before a statement can be admitted under this exception, "the declarant's state of mind must be a relevant issue." (Citation omitted.) *T. Harris Young & Assocs., Inc. v. Marquette Electronics, Inc.*, 931 F.2d 816, 828 (III) (B) (11th Cir. 1991).[3] Here, Lorraine's state of mind, emotional or physical condition is not is at issue regarding MARTA's alleged negligence in failing to secure her shoulder

---

[2] Specifically, the Estate contends that the Statement falls under the following exceptions to the hearsay rule under Georgia's new Evidence Code: OCGA § 24-8-803 (3) ("Then existing mental, emotional, or physical condition"); OCGA § 24-8-803 (6) ("Records of regularly conducted activity"); OCGA § 24-8-803 (8) ("Public records and reports") and OCGA § 24-8-807 ("Residual exception").

[3] "Because OCGA § 24-8-803 mirrors Rule 803 of the Federal Rules of Evidence, we will look to case law from federal courts within the Eleventh Circuit for guidance in interpreting that statute." (Citations omitted.) *Ware v. Multibank 2009-1 RES-ADC Venture, LLC*, 327 Ga. App. 245, 249 (2), n. 11 (758 SE2d 145) (2014).

harness. Accordingly, we cannot conclude that this hearsay exception applies to Lorraine's Statement. See Id.[4]

(b) *Records of regularly conducted activity.* OCGA § 24-8-803 (6) provides that the following is not excluded by the hearsay rule:

> a memorandum, report, record, or data compilation . . . if (A) made at or near the time of the described acts, events, conditions, opinions or diagnoses; (B) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (C) kept in the course of a regularly conducted business activity; and (D) it was the regular practice of that business activity to make the memorandum, report, record or data compilation, *all as shown by the testimony of the custodian or other qualified witness or by certification that complies with [relevant code sections]. . . .*

Here, Lorraine's Statement does not fall under this exception of the hearsay rule as the Estate did not attempt to comply with the foundational requirements set forth in OCGA § 24-8-803 (6) when relying upon the documents. See *Noble v. Alabama Dept. of Environmental Mgt.*, 872 F.2d 361, 366-367 (III) (11th Cir. 1989) (district court erred in admitting evidence under Fed.R.Evid. 803 (6) when party seeking admission

---

[4] Lorraine's Statement does not reveal whether she wanted MARTA to secure the shoulder harness upon her. Had such statement included this information, our decision on this issue may very well have been different.

of document did not lay adequate foundation for its admission under the business records exception to the hearsay rule).

(c) *Public Records and Reports*. Lorraine's Statement does not fall under OCGA § 24-8-803 (8) as it is not a public record or report.

(d) *Residual Exception*. Further, the Estate's argument that her Statement falls under the residual exception found in OCGA § 24-8-807 is without merit. That code section provides that

> [a] statement not specifically covered by any law but having equivalent circumstantial guarantees of trustworthiness shall not be excluded by the hearsay rule, if the court determines that: (1) The statement is offered as evidence of material fact; (2) The statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) The general purposes of the rules of evidence and the interests of justice will best be served by admission of the statement into evidence.

We find no abuse of discretion in the trial court's conclusion that the Statement was not admissible. The trial court, in its order, clearly noted that the Statement was not more probative on the point for which it was offered than any other evidence which could be provided. The Estate sought to introduce the Statement for the purpose of showing that MARTA did not provide Lorraine with a shoulder harness

7

on the day of the incident. The trial court correctly noted that this evidence was not inconsistent with the testimony provided by the van's driver that Lorraine declined to wear a shoulder harness that day and that the shoulder harness was optional on the part of the passenger. Further, the Statement lacks the "equivalent circumstantial guarantees of trustworthiness" that Rule 807 requires as Lorraine provided the Statement to MARTA as part of an ongoing insurance investigation that she hoped to glean benefit from. *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1279 (III) (b) (11th Cir. 2009).

(e) Based upon our conclusion that Lorraine's Statement did not fall under any of the hearsay exceptions enumerated by the Estate, we need not address whether the admission of Lorraine's Statement would create an issue of material fact as to the Estate's claim that MARTA was negligent in failing to properly secure her wheelchair. Accordingly, we affirm the trial court's grant of summary judgment to MARTA on the issue of whether MARTA negligently secured Lorraine's wheelchair to the van.

2. The Estate next contends that the trial court erred in finding that the police report prepared by the officer responding to the scene constituted inadmissible

8

hearsay because it was unsworn. Because we find that the report fell under the public records exception to the hearsay rule, OCGA § 24-8-803 (8), we agree.

> OCGA § 24-8-803 (8) provides an exception to the hearsay rule for
>
> public records, reports, statements, or data compilations, in any form, of public offices, setting forth: . . . (B) Matters observed pursuant to duty imposed by law as to which matters there was a duty to report. . . or (C) In civil proceedings. . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

It has been held that, in civil cases, when a police officer personally observed the matter described in a police report, that officer's report is admissible. See *Jonas v. Isuzu Motors Ltd.*, 210 F.Supp.2d 1373, 1378 (III) (A) (M.D. Ga. 2002) (in a lawsuit arising from an automobile accident, police report containing diagram of the accident admissible under Fed.R.Evid. 803 (8) because it was prepared from the officer's own personal observation of the scene).

Accordingly, to the extent the police report references observations made by the officer himself, the content of the police report is admissible, and the trial court

erred in finding that such constituted hearsay.[5] Further, we cannot find that such error was harmless where the trial court expressly noted in its order that "were [the information contained in the police report] admissible, the [trial court] would find a question of fact on the issue of negligence for causing the accident because the officer's depiction of the accident and the location of the debris describe one thing, and the driver's depiction of the accident describes another." Accordingly, we vacate the order as it relates to the issue of MARTA's negligence for causing the accident and remand for further proceedings.

*Judgment affirmed in part, reversed in part, and remanded. Andrews, P. J., and McFadden, J., concur.*

---

[5] We note that the police report contains out-of-court statements from third parties made to the police officer during the investigation. As such out-of-court statements have not been challenged, we express no opinion herein whether they would be admissible through the police report at trial.